LORRIN C. WOODWARD *vs.* WILLIAM G. HAM.

Hampshire.   Sept. 15. — Oct. 22, 1885.   FIELD, C. ALLEN, & GARDNER, JJ., absent.

A demand in writing, under the Pub. Sts. *c.* 161, § 75, by a mortgagee of personal property attached on a writ against the mortgagor, in which, although he refers to the mortgage by its date and by the book and page of its record, he states that it covers certain articles specified, but omits to name one article covered by the mortgage and included in the attachment, does not defeat the attachment as to such article.

Several chattels which had been mortgaged were attached by an officer on a writ against the mortgagor. The mortgagee made a demand upon the officer, which was a valid demand as to all the chattels but one. The officer did not comply with the demand, and delivered the chattels to a receiptor, who delivered them to the mortgagor. The mortgagee subsequently foreclosed his mortgage. The officer levied an execution, issued in the action in which they had been attached, upon the chattels, and was about to sell them, when they were replevied by the mortgagee. *Held,* that the officer was entitled to judgment for a return of the chattel as to which the demand was insufficient, and that the mortgagee was entitled to judgment for the rest of them.

REPLEVIN of one horse, one harness, one wagon, and one frame shop building. Trial in the Superior Court, without a jury, before *Mason,* J., who allowed a bill of exceptions, in substance as follows :

The chattels in question were duly attached, on May 21, 1883, by the defendant, who was a deputy sheriff, on a writ in favor of Emily Labeg and against Charles H. White, which was duly entered in the Superior Court at June term, 1883; and judgment was duly entered in said action, in favor of the plaintiff therein, on March 6, 1884. An execution issuing on said judgment was delivered to this defendant, who had levied the same on said chattels, and was proceeding to sell them, when they were taken from him by the writ in this action. All of said chattels except the shop building had, within four days after said attachment, been delivered by this defendant to certain receiptors, who redelivered them to White. At the time of said attachment, this plaintiff held a mortgage of all of said chattels, given to him by White on April 25, 1881, and duly recorded, as stated below. After said attachment, the plaintiff duly served on the defendant the following writing, dated May 24, 1883, and signed by the plaintiff: " I hereby demand of you the sum of two hundred and fifty dollars, with interest thereon from April 25, 1881, which is the amount now due to me on a mortgage given to me by Charles H. White, dated April 25, 1881, and recorded with the records of the town of South Hadley, in the town clerk's office, in book number 7, page 877, which mortgage covers the horse, wagon, and harness now held by you on attachment as the property of the said Charles H. White."

The defendant did not pay the plaintiff any part of the principal and interest so demanded; and on or about June 21, 1883, the plaintiff duly served and recorded notice of his intention to foreclose said mortgage, and no payment or tender of the amount due under said mortgage was made within the statutory time thereafter. The defendant contended that the mortgage was given in fraud of the creditors of White; and asked the judge to rule as follows: " 1. The plaintiff cannot maintain his action, because the demand made by him upon the defendant does not allege that the mortgage given to the plaintiff by C. H. White covered the personal property attached by the defendant and now replevied by the plaintiff. 2. As the demand made by the plaintiff on the defendant does not allege that the shop building attached by the defendant was covered by the

plaintiff's mortgage, the defendant is entitled to judgment for the return of said building."

The judge refused so to rule, and ordered judgment for the plaintiff; and the defendant alleged exceptions.

*R. O. Dwight*, for the defendant.

*J. C. Hammond*, for the plaintiff.

DEVENS, J.   The only question which the defendant seeks to present by his exceptions is whether the demand made by the plaintiff, who was the mortgagee of property attached by the defendant as a deputy sheriff, was defective and insufficient to defeat such attachment, so far as a certain frame shop building was concerned.

Mortgaged personal property of a debtor is subject to attachment upon the condition that the party making the same shall, within ten days, pay or tender to the mortgagee the sum for which it is liable after the same is demanded.   The mortgagee, when demanding payment of the money due him, is to state in writing " a just and true account of the debt or demand for which the property is liable to him; " and the failure to pay within the ten days vacates the attachment.   Pub. Sts. *c.* 161, §§ 74, 75.   Such a demand necessarily involves, in some intelligible form, a designation of the property which the mortgagee claims to be subject to his incumbrance, as by an enumeration of the articles, a statement that it is all the personal property attached, or some specified portions thereof then in the hands of an officer.   It may be that a reference to the mortgage itself, if upon the public records, for the enumeration of the articles claimed, would be sufficient. *Moriarty* v. *Lovejoy*, 23 Pick. 321. *Harding* v. *Coburn*, 12 Met. 333, 340.   But we have no occasion to consider this question.   The demand made by the mortgagee does not refer to his mortgage for an enumeration of the articles claimed by him as subject to the attachment; it refers to it only to show that it covers the horse, wagon, and harness attached.   If the defendant had examined that mortgage, and found that a frame building was specified therein, he might well have supposed it to be a different one from that attached, or that it had been released from the mortgage, as the plaintiff had not in his demand claimed that the building attached was covered by the mortgage, or made any reference thereto.

The articles specified having been returned to the mortgagor, on the day after the demand, by the receiptors, to whom the sheriff released them, the mortgagee was restored to his rights, and was enabled fully to foreclose his mortgage thereon. The defendant could not therefore retake them, or levy the execution against the mortgagor thereon. *Robinson* v. *Mansfield*, 13 Pick. 139, 142. But as the plaintiff's demand was not sufficient to vacate the attachment of the building, which both parties concede to be personal property, the foreclosure of the mortgage thereon, however effective as against the mortgagor, could not change the defendant's right to this property. *Wing* v. *Bishop*, 9 Gray, 223.

In replevin, where part of the goods replevied are found to belong to the plaintiff and part to the defendant, judgment is rendered for each accordingly.         *Exceptions sustained.*