JEROME C. FIELD *vs.* JAMES EARLY & others.

Worcester.    October 23, 1896. — January 13, 1897.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Mortgage of Personal Property — Conversion — Action — Equity — Application*
*of Fund.*

The owner of a stock of goods mortgaged them and then conveyed them, subject to the mortgage, to A., who gave a second mortgage of them to B. Each mortgage provided that the mortgagor might retain possession of the goods until breach of its condition. Before any demand for payment or possession taken for breach, C. without right took possession of the goods and sold them. A. sued C. for conversion of the goods, and obtained judgment, which was paid by C. B. also sued C. for the same conversion, which suit was pending when C. brought a bill in equity to restrain its prosecution, and to determine the disposition of the money so paid by him, which was held, by consent of the parties, to await the final order of the court, by the attorney for A. and B., the first named being pecuniarily irresponsible. *Held,* that the money should be applied towards extinguishing the debts secured by the mortgages in their order ; and that B. should be enjoined from prosecuting his action against C.

BILL IN EQUITY, filed in the Superior Court, against James Early, a deputy sheriff, Albert K. Page, Luke J. Page, Edward S. Roosa, and, by amendment, against Thomas G. Kent and George T. Dewey, copartners as attorneys at law, to determine the disposition of a certain sum of money, and to restrain the prosecution of an action at law. Hearing before *Bishop,* J., who reported the case for the determination of this court. The facts appear in the opinion.

*T. G. Kent & G. T. Dewey,* for the defendants.

*W. A. Gile,* for the plaintiff.

FIELD, C. J. It appears from the report in this case that the plaintiff Field took possession without right of a stock of goods on or about January 10, 1891, and retained possession until December 1, 1894, when he sold the goods at public auction and received the proceeds. At the time when he took possession Roosa was the owner of the equity in the goods, subject to three mortgages, one given by Merrifield to Dewey, of these and other goods, dated February 1, 1885; one given by Merrifield to Dewey, of these goods dated December 18, 1890; and one given by

Roosa to Albert K. Page of the same goods, dated December 18, 1890. This last mortgage was given to secure the payment of $1,650 with interest, payable in one year from date, and there was no breach of the condition of this mortgage when Field took possession, and the mortgagee was not in possession. The two mortgages given by Merrifield to Dewey were to secure the payment of a promissory note dated February 1, 1885, for $2,500 and interest, payable on demand, and the second of these mortgages was given as additional security to the first, and on goods added to the stock after the execution of the first mortgage. The principal of this debt at the time the second mortgage was given had been reduced to $1,400. On the same day, when the second mortgage was given, Merrifield conveyed the goods to Roosa, subject to the two mortgages, and then Roosa gave to Albert K. Page the third mortgage mentioned. No demand had been made for the payment of the note secured by the first and second mortgages, and it does not appear that the mortgagee under either of these mortgages, or his assignee, was in possession of the goods when Field took possession. In each of the three mortgages it was provided that the mortgagor might retain possession of the goods until breach of condition, and we infer that at the time when Field took possession Roosa must be regarded as in lawful possession if anybody was, and he had the right of possession until some demand was made for the payment of the note secured by the first and second mortgages. See *Field* v. *Roosa*, 159 Mass. 128.

On April 23, 1891, after the plaintiff took possession, the second mortgage given by Merrifield to Dewey was assigned by Dewey to Luke J. Page, as the report finds, "for the benefit of said Albert K. Page, and the sole ownership and beneficial interest therein was in the said Albert K. Page." It does not appear that the first mortgage ever has been assigned, or whether any of the goods covered by that mortgage were in existence when Field took possession. On January 17, 1891, Roosa brought an action against Field and one Lamb for a conversion of the goods, and obtained judgment against Field for the value of the goods, and we infer that the damages recovered in that suit were the full value of the goods at the time of the conversion, on or about January 10, 1891. On May 24, 1893, Albert

K. Page brought a suit against Field for the conversion of the same goods as those sued for in the action of *Roosa* v. *Field*, and this suit is now pending. The same counsel appear for Albert K. Page in his suit as appeared for Roosa in *Roosa* v. *Field*, and Albert K. Page and his counsel were present at the trial of the action of *Roosa* v. *Field*. Field has paid the judgment against him, and, by consent of the parties, the money is now in the hands of Messrs. Kent and Dewey, attorneys at law, who have been made parties defendant in the present suit, and hold the money to await the final order of the court in this case. The other defendants in the present suit, besides the deputy sheriff Early, to whom the execution in the action of *Roosa* v. *Field* was committed for service, are Roosa, Albert K. Page, and Luke J. Page.

The purpose of the present suit is that Albert K. Page may be enjoined from prosecuting his action at law against Field, and that the money in the hands of Messrs. Kent and Dewey may be paid to the persons equitably entitled to it. It is found in the report that " the objection that an action for conversion by said Roosa would not lie was not taken or raised by any party at the trial of said action " of *Roosa* v. *Field*, and that " the said Roosa is pecuniarily irresponsible." The conclusion of the report is as follows :

" If, upon the above facts, and all proper inferences to be drawn from them, said sum of money recovered and paid upon said judgment should be applied towards the extinguishment of said mortgage indebtedness of said Roosa to said Albert K. Page, or if the said Page is estopped to proceed with and carry on said suit brought by him in Suffolk County, and should be enjoined from prosecuting the same, or if he is estopped to receive therein any sum except a balance of a judgment in excess of the sum recovered by said Roosa in his suit, if such amount should be recovered, or if the plaintiff's bill should be dismissed, a decree to that effect is to be entered; or such other order and decree is to be made as to law and justice shall appertain."

On these facts it is evident that Albert K. Page cannot maintain his suit for conversion of the goods, because at the time of the conversion he was not in possession or entitled to the immediate possession of the goods. As equitable owner of the

mortgage assigned to Luke J. Page he cannot maintain an action for the conversion of the goods in his own name, even if there had been a breach of the condition of that mortgage, and when his action was brought there had been no breach of the condition of the mortgage given to him by Roosa. *Ring* v. *Neale*, 114 Mass. 111. *Baker* v. *Seavey*, 163 Mass. 522. We perceive no reason on the facts found in the present suit why Roosa, in his action, should not have recovered damages to the full value of the property converted. *Cram* v. *Bailey*, 10 Gray, 87.

In *Anthony* v. *New York, Providence, & Boston Railroad*, 162 Mass. 60, 65, where the lessees were held entitled to recover full damages for the destruction of buildings, it was said in the opinion, " If the lessors have any interest in the damages they can, before they are paid, intervene by proper proceedings." In *Brewster* v. *Warner*, 136 Mass. 57, where it was held that a bailee for hire could recover full damages for injury to personal property in his possession, it is said in the opinion, " It is not necessary to consider what steps might be taken if the bailor should seek to intervene to protect his interest."

If Roosa rightfully recovered of Field judgment for the full value of the goods, and this judgment has been paid, it is plain that Field could not properly be held to pay again the amount of the value of the goods to the mortgagees. Roosa, if he received payment of the goods converted by Field, would hold the money as a substitute for the goods, and would be compelled to account therefor with the mortgagees. *Hanly* v. *Davis*, 166 Mass. 1. Roosa being pecuniarily irresponsible, Field might well hesitate to pay him the money without notice to the mortgagees that they might protect their rights. Whether it would be his duty to give such notice if the mortgagees had had no knowledge of the suit by Roosa, we need not decide. Having knowledge of that suit, it may be that it was their duty to intervene in some way, or to bring some process to protect their rights, if they were not content that Field should pay the judgment to Roosa; but we do not see that they can complain that Field has formally called their attention to their rights by this suit in equity, and we infer that they are content to have their rights to the money in the hands of Kent and Dewey determined in this suit. If the mortgagees claim no part of the money, or are willing that it

should be paid into the hands of Roosa, they should say so in their answers, and disclaim all interest in the suit, and then the bill might be dismissed, unless indeed it be retained for the purpose of enjoining Albert K. Page from prosecuting his action. But if they claim an interest in the money, their rights can be adjudicated in this suit, and all risk arising from the pecuniary irresponsibility of Roosa can be avoided. We do not understand that the two defendants, one of whom is the mortgagee in the third mortgage, and the other the assignee of the mortgagee in the second mortgage, disclaim all interest in the suit.

It may be that the judgment obtained in *Roosa* v. *Field*, if satisfied, would be a legal bar to subsequent suits against Field by the mortgagees; but the plaintiff in the present suit, if he is willing to pay that judgment, ought not to be harassed by other suits, and as the money he pays is in some sense a substitute for the goods converted, the title to which, on payment of the judgment, vests in him, we think that it is a proper remedy for the mortgagees to resort to the money paid, as in the case of property sold by a court of competent jurisdiction, discharged of all liens, unless they are content to trust solely to the responsibility of Roosa. According to the terms of the report, the money paid by the plaintiff should be applied toward the extinguishment of the indebtedness secured by the mortgages in the order of their dates, so far as the mortgages covered the goods converted by Field; and Albert K. Page should be enjoined from prosecuting his action at law against Field. As to Early, the bill may be dismissed. The details of the decree may be settled by a justice of the Superior Court.

*So ordered.*