JOHN E. HANLY *vs.* GEORGE C. DAVIS.

Suffolk.   January 13, 14, 1898. — March 28, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Statute — Demand upon Officer by Mortgagee of Personal Property — Conversion.*

Where the amount for which mortgaged personal property is liable is the principal of a promissory note, less the excess of interest above eighteen per cent which has been paid upon it, a demand by the mortgagee, under Pub. Sts. c. 161, § 75, upon an officer who has attached the property, of an amount much larger than that for which the property is liable, its value being in excess of the mortgagee's debt, will not enable him to maintain an action for conversion.

TORT, by the mortgagee of certain personal property, for its conversion. At the trial in the Superior Court, before *Lilley,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*I. F. Sawyer & J. S. Patton,* for the defendant.

*J. F. Libby,* for the plaintiff.

KNOWLTON, J. The question in this case is whether the demand made by the plaintiff upon the attaching officer stated a just and true account of the debt for which the mortgaged property was liable to him, within the meaning of the Pub. Sts. c. 161, § 75. The demand was for the principal stated in the note secured by the mortgage. It appears that for six months or more the plaintiff had received interest from the mortgagor on the note at the rate of eighty per cent per annum, and that the interest thus paid amounted to much more than eighteen per cent per annum from the time of giving the note.

Under the St. of 1892, c. 428, § 1, the maker of the note had a right to discharge it by paying the principal, and interest at the rate of eighteen per cent per annum, together with a sum not exceeding five dollars for the expenses of making and securing the loan, and under § 2 of the same statute it is expressly provided in such a case that a mortgagee whose loan is secured by a mortgage shall discharge the same and restore the pledge upon payment or tender of the sum legally due under the first

section, and that "such payment or tender may be made by the debtor or by any person having an interest in the property mortgaged or pledged."

There is no doubt that an attaching officer has an interest in the property within the meaning of this section. *Baker* v. *Fuller*, 21 Pick. 318. *Robinson* v. *Ensign*, 6 Gray, 300. *West* v. *White*, 165 Mass. 258.

The object of the statute first cited, requiring a demand by a mortgagee when personal property is attached, is to give the attaching officer and the attaching creditor information of the amount due, in order that he may determine whether to pay the mortgage debt and retain his attachment, or to abandon his lien and give up the property. The statement in writing called for by the statute is to contain "a just and true account of the debt or demand for which the property is liable" to the mortgagee.

The amount for which the property was liable in the present case was the principal of the note, less the excess of interest above eighteen per cent which had been paid upon it. The plaintiff, having stated an amount much larger than this, and the value of the property being in excess of the plaintiff's debt and interest, his demand will not enable him to maintain this suit. See *Rowley* v. *Rice*, 10 Met. 7. In the opinion of a majority of the court, the entry should be,        *Exceptions sustained.*