EVERLINE GRANT *vs.* VINCENT E. BARNES.

Hampden.    September 25, 1900. — October 19, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Lease — Rent — Set-off for Storage — Chattel Mortgage — Statute — Attachment.*

At the time premises were leased there were in the shop a boiler and other articles, the property of a former lessee, which had been attached by the second lessee, he having obtained a license from the first lessee to use the same, while under attachment. The second lessee did so use them until a certain date, when the lessor, who had a mortgage upon the property from the first lessee, served upon the second lessee the notice provided by Pub. Sts. c. 161, § 75, informing him that the lessor held a chattel mortgage upon the property, stating the amount due thereon, and demanding payment thereof. On the day the notice was served, the second lessee notified the lessor in writing that he had dissolved his attachment, and also notified him to remove immediately the property from the premises; and the notice stated that he should charge the lessor from that day for storage, so long as the property remained on the premises, at a certain rate a day. The lessor did not remove the property, and it remained until after the expiration of the second lessee's term. Before and while the second lessee was

in possession, the lessor did not take advantage of any breach of the mortgage conditions, and had not instituted foreclosure proceedings. *Held,* in an action for rent under the lease against the second lessee, that he could not set off the claim for storage.

CONTRACT, for rent, upon a written lease. At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which, *Dewey*, J. having deceased, were allowed by *Maynard*, J. The facts appear in the opinion.

*J. H. Brown*, (of New York,) for the defendant.

*W. S. Kellogg*, for the plaintiff.

LATHROP, J. The plaintiff, by a written lease, dated August 18, 1896, let to the defendant a shop and land in Westfield, at a rent of $25 a month. The lease was to run from August 1, 1896. Either party had a right to terminate the lease by giving thirty days' notice in writing. This action is brought to recover the rent for the month of September and for eleven days in October, when the defendant's tenancy ended by a notice given in accordance with the provision of the lease. No question is made as to the plaintiff's right to recover the amount sued for; and the only question is as to the right of the defendant to set off a claim for storage of an engine and boiler from September 19, 1896, to October 11, 1896, twenty-two days, at $2 per day. The evidence showed the following facts.

At the time the premises were leased there were in the shop an engine, a boiler, and certain other articles, the property of one Humphreyville, a former lessee, which had been previously attached by the defendant, and he had obtained a license from Humphreyville to use the engine and boiler, while under attachment. The defendant did so use them until September 19, 1896, when the plaintiff, who had a mortgage upon the engine and boiler from Humphreyville, dated August 28, 1895, served upon the defendant the notice provided by the Pub. Sts. c. 161, § 75, informing the defendant that she held a chattel mortgage upon the engine and boiler, stating the amount due thereon, and demanding payment thereof. The defendant, on the day the notice was served, notified the plaintiff in writing that he had dissolved his attachment, and also notified her to remove immediately the engine and boiler from the premises, and the

notice stated that he should charge the plaintiff from that day for storage, so long as they remained on the premises, at the rate of $2 a day. The plaintiff did not remove the engine and boiler, and they remained on the premises until after the expiration of the defendant's term. Before and while the defendant was in possession under his lease the plaintiff did not take advantage of any breach of the mortgage conditions, and had not instituted foreclosure proceedings.

On these facts the judge ruled, as matter of law, that the defendant was not entitled to recover on his claim for storage; and the case comes before us on the defendant's exception to this ruling. We are of opinion that the ruling was right. By the terms of the mortgage, the mortgagor was entitled to retain possession of the engine and boiler, until some breach of condition of the mortgage by him; and although the attachment by the defendant gave the mortgagee the right to take immediate possession of the chattels, no such possession was taken. The defendant after he dissolved his attachment could not deliver the chattels to the mortgagee, for they belonged to the mortgagor, until the mortgagee saw fit to take possession of them under her mortgage. If the defendant did not care to keep the chattels and use them under his license, he should have notified the mortgagor, who owned them. He could not by storing the chattels create a lien upon them. *Storms* v. *Smith*, 137 Mass. 201. *Howes* v. *Newcomb*, 146 Mass. 76. *Lynde* v. *Parker*, 155 Mass. 481. *Field* v. *Roosa*, 159 Mass. 128.

The case is materially different from *Taylor* v. *Dexter Engine Co.* 146 Mass. 613. In that case the plaintiff was the owner of the building. The defendant was the owner of an engine which was in the building by virtue of an arrangement between the defendant and a tenant of part of the building. Subsequently the plaintiff took possession of this part for non-payment of rent, and notified the defendant to remove the engine. In the present case the plaintiff was not the owner of the engine and boiler, but was merely a mortgagee who had not taken possession.

The principal contention of the defendant is based upon the latter part of the Pub. Sts. c. 161, § 75, which provides that, if the amount due the mortgagee is not paid or tendered to him within ten days after the demand, " the attachment shall be dis-

solved, and the property shall be restored to him." The contention is that the defendant did all that he could to obey the statute by sending the notice he did ; and that thereafter the plaintiff was to be considered as in possession of the property, and liable for storage. The short answer to this contention is that the defendant does not bring himself within the statute. The attachment was not dissolved by operation of law by failure to pay within ten days, but by the act of the defendant in dissolving the attachment on the day the demand was made. It is unnecessary, therefore, to decide whether the statute applies, when as between mortgagor and mortgagee the former is entitled to possession of the property. See *Esson* v. *Tarbell,* 9 Cush. 407, 414. *Exceptions overruled.*