JOHN J. COUSINS *vs.* MARY E. O'BRIEN, executrix (substituted on suggestion of death of original defendant).

Suffolk.    January 27, 1905. — May 18, 1905.

Present: KNOWLTON, C. J., MORTON, LORING, & BRALEY, JJ.

*Attachment*, Of mortgaged personal property.    *Officer.    Conversion.*

If a mortgagee of personal property which has been attached on a writ against the mortgagor before default, in attempting to make a demand on the attaching officer under Pub. Sts. c. 161, § 75, in good faith demands an amount largely in excess of the amount due by inadvertently naming the amount of the mortgage note instead of the sum of money actually advanced upon it, and if the mortgagee does not show that the attaching creditor was not prejudiced by the overstating of the amount demanded, the demand is void and the attachment is good against the mortgage.

Where a mortgagee of personal property which has been attached on a writ against the mortgagor, who subsequently becomes insolvent, has failed to take any steps toward foreclosing his mortgage for a breach of condition by the mortgagor in allowing the property to be attached, and has made no valid demand on the attaching officer for the payment of the debt secured by his mortgage, a delivery of the property by the attaching officer to the assignee in insolvency of the mortgagor does not constitute a conversion of the property or give the mortgagee any right of action against the officer.

BRALEY, J.    This is an action of tort brought against John B. O'Brien, late sheriff of Suffolk County, for the alleged wrongful act by one of his deputies in attaching and holding on a writ against the mortgagors certain personal property on

which the plaintiff had a valid mortgage to secure the payment of a promissory note made by them. The sheriff having died pending the suit, his executrix duly appeared and took upon herself the defence of the action.

In the Superior Court the case was referred to an auditor, whose report was treated by the parties as an agreed statement of facts, on which, judgment having been rendered for the plaintiff, the defendant appealed to this court.

At the time of the attachment the property, consisting of a stock of boots and shoes, together with the furniture used in the store and office, was subject to a mortgage to the plaintiff to secure the payment of a promissory note for $3,000, on which there had been advanced to the mortgagors the sum of $725. Upon being informed of the attachment the plaintiff consulted counsel as to his legal rights, and a written demand, proper in form, was prepared, and duly served on the deputy sheriff. By a mistake, which is found to have been inadvertently made, the sum demanded was for the face of the note instead of the amount that had been advanced. This demand was not complied with, and, upon the mortgagors being duly declared insolvent debtors, the property was surrendered by the attaching officer to their assignee, by whom it was afterwards sold at public auction for $1,548.10.

It is the contention of the plaintiff either that the failure to deliver the mortgaged property to him when demanded, or its subsequent delivery to the assignee, constituted a conversion which entitles him to recover its value.

The provisions of the Pub. Sts. c. 161, § 75, which were in force at that time and have been re-enacted in substance in R. L. c. 167, § 70, required that a just and true account of the debt due should be set forth in the demand, otherwise it is insufficient to work a dissolution of the attachment, or render the officer liable to the mortgagee for the market value of the mortgaged property.

As the claim made by the plaintiff was largely in excess of the money due to him, he seeks to avoid the letter of the statutory requirement on the ground that he had no intention to deceive, and intended to state his true debt.

While the auditor so finds, there is no further finding made

by him that although this mistake was inadvertently made the attaching creditor was not prejudiced.

It was said in *Campbell* v. *Eastman*, 170 Mass. 523, 524, by Knowlton, J.: " The words, ' state in writing a just and true account,' indicate a purpose on the part of the Legislature to secure for the attaching creditor definite and particular information. The cases have construed the statute liberally in favor of mortgagees who have made innocent mistakes in attempting to state accounts, but the general purpose of the requirement to give the creditor definite and valuable information is obvious."

The value of the property attached, as shown by its subsequent sale, was apparently much more than the actual amount due, and if an erroneous statement had not been made, the creditor might have elected to pay the claim and retain the property, and it cannot, therefore, be said that he was not misled to his pecuniary loss, and the plaintiff cannot be relieved from the consequences of a misleading demand. *Wilson* v. *Crooker*, 145 Mass. 571, 573, and cases cited. *Hanly* v. *Davis*, 170 Mass. 517. *Campbell* v. *Eastman*, *ubi supra*.

By the terms of the mortgage, there having been no default, the mortgagors were entitled to the exclusive possession of the property, and this case is not governed by *Howe* v. *Bartlett*, 1 Allen, 29 ; *S. C.* 8 Allen, 20, where the property attached was in the possession of the mortgagee, or by *Ring* v. *Neale*, 114 Mass. 111, where the mortgage under consideration was not shown to have contained a similar clause, but in this respect it falls within the cases of *Field* v. *Roosa*, 159 Mass. 128, 131 ; *Field* v. *Early*, 167 Mass. 449, 450.

A further argument is advanced by the plaintiff that as the mortgagors permitted the property to be attached in violation of one of its conditions, this breach gave the plaintiff the immediate right to possession. But while this is true, the original attachment was lawful, and remained in force by reason of the insufficient demand until dissolved by the assignment. *Wing* v. *Bishop*, 9 Gray, 223. *Woodward* v. *Ham*, 140 Mass. 154. And if the plaintiff had then demanded the property, and instead of delivering it to him the officer turned it over to the assignee, he might have been liable for its unlawful detention and conver-

sion. *Edmunds* v. *Hill*, 133 Mass. 445. *Citizens' National Bank* v. *Cldham*, 136 Mass. 515.

No steps, however, were taken by him to foreclose his mortgage, and he failed to make any demand. A delivery of the property to the assignee, under these circumstances, was not sufficient to constitute a conversion, or give to the plaintiff a cause of action against the officer. Pub. Sts. c. 161, § 75. *Grant* v. *Barnes*, 177 Mass. 111, 113.

*Judgment for the defendant.*

*W. F. Kimball*, for the defendant.

*B. S. Ladd & T. F. Strange*, for the plaintiff.

