Iowa Automobile Supply Company, Appellee, v. W. E. Tapley, Appellant.

**SALES:** Bills of Sale—Insufficient Description. A description in a bill of sale which does no more than to identify a thing as one of a numerous class or kind is improper, and the recording of it will not charge subsequent purchasers with notice.

*Appeal from Des Moines Municipal Court.*—O. S. Franklin, Judge.

April 15, 1919.

Rehearing Denied September 20, 1919.

Action at law to recover possession of a certain automobile. Verdict and judgment for plaintiff, and defendant appeals.—*Reversed and remanded.*

*S. B. Allen,* for appellant.

*Neiman & Neiman,* for appellee.

Weaver, J.—The claim of the plaintiff company is that one Wolford, being indebted to it, and being the owner of a certain automobile, secured the payment of such indebtedness by making and delivering to plaintiff a bill of sale

of said property, and that said instrument was duly recorded. It further alleges that said indebtedness has not been paid; that plaintiff is entitled to the immediate possession of the property; but that defendant has taken possession thereof and wrongfully detains it from plaintiff, asserting ownership in himself by reason of an alleged purchase which was, in fact, made after the delivery and record of the bill of sale held by plaintiff. The bill of sale under which the plaintiff asserts title and right of possession describes the property upon which it was given in words as follows:

"The following described personal property now in the possession of W. A. Wolford, in the county of Polk and state of Iowa: 1 7-passenger Colby Automobile."

It is also alleged that defendant made the purchase under which he claims possession of the property with actual notice of plaintiff's rights under the bill of sale.

The defendant denies the petition. He also avers that the car purchased by him, and now sought to be taken from him upon plaintiff's writ of replevin, is a one-seated roadster, which he purchased and received from Wolford in good faith, and without notice of any right or claim thereto by the plaintiff.

The trial court submitted to the jury but the single question whether the description contained in the bill of sale, "aided by inquiries which that instrument suggests," was sufficient to enable defendant to identify the car so described as the one which he afterwards purchased from Wolford. If this question were answered affirmatively, the jury was directed to find for the plaintiff, and to assess the value of the property. The verdict returned was for the plaintiff. From the judgment entered on this finding, defendant has appealed.

The court's charge, as above stated, implies an opinion that there was no evidence upon which defendant could be

charged with actual notice of plaintiff's lien, and that plaintiff's right of recovery, if any, depended upon the sufficiency of the constructive notice afforded by the record of the instrument.

Defendant, on the other hand, argues that the description is entirely too indefinite to permit either court or jury to say it imparted constructive notice to a subsequent purchaser.

We are disposed to hold the objection well taken. That a description which does no more than to identify a thing as one of a numerous class or kind is insufficient, and that its record will not charge subsequent purchasers with notice, has been too often held and is too manifestly just to call for argument or for any marshaling of the authorities. A description, "1 7-passenger Colby Car," or one 5-passenger Ford car, or one John Deere plow, or one Racine wagon, unless aided by some other identification, serves to confuse, rather than to individualize or point out. Articles of personalty of all kinds are constantly being bought and sold, passing from seller to buyer with little or no formality except transfer of possession; and if any and every sweeping and indefinite description in a recorded lien is to be held sufficient constructive notice of an adverse claim, no man can buy or sell with safety, even after examination of the records, and legitimate business will be greatly embarrassed. To adhere to the rule requiring reasonable definiteness of description wrongs no one. As a matter of common knowledge, auto cars generally bear registry numbers and factory numbers, and have the marks of individual identification by which they may be designated with reasonable particularity; and he who takes and records a lien on one of them without noting something by which it may be differentiated from others in its class has only himself to blame if he thereby permits a subsequent purchaser to obtain precedence over him.

Nor does the phrase in this bill of sale, "now in the possession of W. A. Wolford in the county of Polk," afford any material aid in identifying the car. The county of Polk covers an area of several hundred square miles and has a population of something over 150,000 people. The "possession" so described would be equally applicable were plaintiff seeking to recover "1 7-passenger Colby car" found in the city of Des Moines, or Valley Junction, or Altoona, or on a farm in the remotest corner of the county. In short, we find nothing in the bill of sale upon which the plaintiff was entitled to have the question go to the jury, and the judgment should have been for the defendant.

There is also grave doubt whether, upon the admitted facts developed on the trial, the debt to secure which plaintiff took the bill of sale had not been fully paid and discharged; but our finding that the defendant was a purchaser without notice, and took the car free from plaintiff's alleged lien, sufficiently disposes of the case.

The judgment below will, therefore, be reversed, and cause remanded, with directions to the trial court to enter judgment for the defendant for the possession of the car in controversy, and for costs.—*Reversed and remanded.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.