FIRST MORTGAGE LOAN COMPANY, Appellant, v. CLARENCE W. DURFEE et al., Appellees.

CHATTEL MORTGAGES: Description—Description Covering Class. The record of a chattel mortgage imparts no constructive notice when the description of the article or thing mortgaged is such that it would apply to any number of articles of the same kind,—especially so when the "number" of the article is wholly wrong.

*Appeal from Woodbury District Court.*—W. G. Sears, Judge.

JUNE 23, 1922.

Action at law, to recover damages for the alleged wrongful conversion of an automobile. Trial to a jury. Verdict and judgment for defendant. Plaintiff appeals.—*Affirmed.*

*Shull, Stilwill & Shull* and *S. F. Wadden,* for appellant.

*John A. Berry,* for appellees.

Per Curiam.—The evidence tends to show that one Iverson, owning an automobile, sold and delivered it to the defendants, upon the representation that it was free and clear of incumbrance. The sale was made and the property paid for at a fair valuation. The car was of the Ford type, the engine number of which was 2558516. Later, the plaintiff demanded possession of the car, asserting a right thereto as assignee of a chattel mortgage made by Iverson, prior to the date of the sale to the defendants. The mortgage, which was duly acknowledged and recorded, described the property as being "One Automobile, Model T, 1918—Type of Body, Sedan, No. 3558516, Serial No. ————, Number of Cylinders, 4." Defendants, refusing to recognize the plaintiff's claim, declined to surrender the possession of the car, and plaintiff thereupon began this action.

On the trial below, the court submitted the case to the jury, with instructions to the effect that the description of the car contained in the chattel mortgage was insufficient to make the record of the instrument effective as constructive notice of the lien, and that, to entitle plaintiff to recover, the jury must find that, at the time defendants purchased the car of Iverson, they had actual notice of the existence of the mortgage, or of facts or circumstances from which actual notice may be inferred. The jury having found for the defendants, and the plaintiff's motion for new trial being overruled, judgment was entered on the verdict.

The argument for the appellant is chiefly directed to the proposition that the description contained in the mortgage,

"aided by inquiries which such description in fact suggests," is sufficient to charge subsequent purchasers with constructive notice of the lien. If such were the character of this description, then the assignment of error would have to be sustained. See *Smith & Co. v. McLean*, 24 Iowa 322, and later cases in which that precedent has been followed. There is no trouble with the rule of law which counsel invoke, but the facts of the case do not bring it within the scope of the rule. To say that the record of a mortgage on car No. 3558516 should put the purchaser of car No. 2558516 on inquiry into the possibility whether, by some mistake, the two numbers are intended to identify the same car, would be to destroy the protection which the statute affords to subsequent purchasers. The authorities are numerous that a chattel mortgage which identifies property simply as one or more of a numerous class, without identifying it by any mark or specification by which it may be differentiated from others of its kind, is wholly insufficient to impart notice or to put subsequent purchasers on inquiry. And this rule has been repeatedly applied to recorded liens upon automobiles. *Commercial Sav. Bank v. Brooklyn Lbr. & Grain Co.*, 178 Iowa 1206; *Iowa Auto. Sup. Co. v. Tapley*, 186 Iowa 1341.

A still more potent reason for such holding in this case is found in the fact that, if the mortgage was intended to cover the automobile in controversy, the description is positively misleading; for admittedly it not only fails to show the true individual number of the car, but gives another, which it does not bear.

The trial court did not err in the instruction complained of, and the verdict of the jury on the subject of actual notice has sufficient support in the evidence. The judgment appealed from is—*Affirmed*.