JENNIE M. WISE *vs.* JAMES B. KENNEDY.

Franklin.    January 3, 1924. — February 27, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Mortgage*, Of personal property: of motor vehicle described by serial number, notice by record. *Motor Vehicle. Notice. Bona Fide Purchaser. Evidence*, Matter of common knowledge.

It is common knowledge that motor cars of various mechanical designs, made by numerous manufacturers under multiform trade names, are constantly in the market for purchase and sale; and that any manufacturer's cars can be distinguished with reasonable certainty from other cars made by the same manufacturer and of the same class only by the number by which each car is designated.

At the trial of an action of replevin of a " Red Jordan Touring Automobile #6557," it appeared that the plaintiff had purchased a car from one

who previously had mortgaged it to the defendant by the description " One new Jordan Touring car Number 6552; " that the mortgage had been duly recorded, and that the plaintiff had no actual notice or knowledge of the mortgage. *Held,* that by reason of the fact that the mortgage incorrectly stated the number of the automobile, the plaintiff was not charged with constructive notice of the defendant's mortgage by reason of its being recorded.

REPLEVIN of " One Red Jordan Touring Automobile #6557." Writ dated September 17, 1921.

In the Superior Court, the action was tried before *Lummus,* J. Material evidence and the plaintiff's first request for a ruling are described in the opinion. The jury found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*T. M. Hayes,* for the plaintiff.

*W. A. Davenport & C. Fairhurst,* for the defendant.

BRALEY, J. The plaintiff sues in replevin to recover possession of " One Red Jordan Touring Automobile #6557," which she purchased in June, 1920, from one Charles D. Herlihy.

The material facts do not seem to have been in dispute. The defendant claimed title under a mortgage. given by Herlihy to him and two other mortgagees on September 11, 1919, which was duly recorded. It is contended by the plaintiff, that, having bought and received the car without actual notice or knowledge of any facts which should have put her upon inquiry, she is an innocent purchaser for value, unless chargeable with constructive notice of the defendant's mortgage. G. L. c. 255, § 1. *Eastman* v. *Foster,* 8 Met. 19, 25. *Travis* v. *Bishop,* 13 Met. 304. *Shapleigh* v. *Wentworth,* 13 Met. 358. *Denny* v. *Lincoln,* 13 Met. 200, 202. *Bigelow* v. *Smith,* 2 Allen, 264, 265. *Veazie* v. *Somerby,* 5 Allen, 280, 289. *Ring* v. *Neale,* 114 Mass. 111. *Whitney* v. *Browne,* 180 Mass. 597, 599. *Berry* v. *Levitan,* 181 Mass. 73. The mortgagor after the mortgage had been given and recorded, retained possession of the car, which is described in the mortgage as " one new Jordan Touring car, Number 6552." *Cousins* v. *O'Brien,* 188 Mass. 146, 148.

The identity of the car having been unquestioned, the trial judge, following *Pettis* v. *Kellogg,* 7 Cush. 456, ruled in

substance, that the number stated in the mortgage could be disregarded, leaving the words " One new Jordan Touring car " as a sufficient description under which title would pass.    But in *Pettis* v. *Kellogg*, the defendant mortgaged to the plaintiff " all the staves I have in Monterey, the same I had of Moses Fargo."    It appeared that the mortgagor had no staves in Monterey but had a quantity of staves in the adjoining town of Sandisfield.    The court held, that the words " in Monterey " could be rejected as a false recital, and that the remainder of the description was sufficient to give full effect to the sale.    We are however of opinion that the case at bar should be distinguished.

It is common knowledge, and the uncontradicted evidence shows, and the jury would have been warranted in finding, that automobiles of various mechanical designs, made by numerous manufacturers under multiform trade names, are constantly in the market for purchase and sale.    And that cars of any one of the makers can be distinguished with reasonable certainty from other automobiles of the same class, only by the number by which each car is designated. *Warner* v. *Fuller*, 245 Mass. 520.    The seller with whom the plaintiff dealt was an agent for the sale of Jordan cars, and an examination of the record showing a mortgage of a Jordan touring car numbered 6552, would be insufficient to charge the plaintiff with notice that the car mortgaged was the car with the " serial " number 6557, which she bought.    If the number in the mortgage is eliminated, the remainder of the description is applicable to all Jordan cars of that class, by whomsoever owned.

The first request of the plaintiff, that " If the jury find that the number used in the defendant's mortgage was not the correct number, the plaintiff can recover," should have been given.    *Iowa Auto Supply Co.* v. *Tapley*, 186 Iowa, 1341.    *First Mortgage Loan Co.* v. *Durfee*, 193 Iowa, 1142.

*Exceptions sustained.*