E. M. BLUNT INC. *vs.* CHARLES E. GILES & another.

Middlesex.    December 4, 1934. — December 6, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Mortgage*, Of personal property.    *Bona Fide Purchaser.*

A mortgage of personal property, duly recorded, which contained in its list of mortgaged property a rug described as "About 12x22 Oriental Rug," and a "4 Ply Screen," was valid and enforceable against one who bought from the mortgagor a rug twenty by nine feet and a three ply screen, which, in a suit in equity to require their delivery by the purchaser to the mortgagee after default by the mortgagor, were found to be the articles described in the mortgage.

BILL IN EQUITY, filed in the Superior Court on June 1, 1932, and afterwards amended, described in the opinion.

The suit was referred to a master. The master found that, at the time the bill was filed, there was default under the mortgage described in the opinion. Other material facts found by the master are described in the opinion. By order of *Walsh*, J., a final decree was entered dismissing the bill as to the defendant Giles and granting relief as against the defendant Olson. The defendant Olson appealed.

*C. S. Walkup, Jr.*, for the defendant Olson, submitted a brief.

*L. Karp*, for the plaintiff.

RUGG, C.J. This is a suit in equity to compel the defendant Gertrude Olson to transfer to the plaintiff certain personal property. The plaintiff claims title under a mortgage of the personal property given to it by the owners which was duly recorded as required by law. The chattels described in the mortgage consisted of household furnishings and articles of furniture. Shortly after the mortgage was given the mortgagors removed the chattels described in the mortgage, and later sold to the defendant Gertrude

Olson a certain Oriental rug and a brocaded screen. The defendant Olson took possession of them and removed them. The master to whom the case was referred found that the rug sold to this defendant was described in the mortgage as "About 12x22 Oriental Rug." In fact the measurements of the rug were twenty feet by nine feet. There was described in the chattel mortgage a "4 Ply Screen," which was in fact a three fold screen. These two articles in the possession of the defendant Olson were found to be the same that were subject to the chattel mortgage held by the plaintiff. The evidence is not reported and the master's findings must be accepted as true.

Chattel mortgages recorded in accordance with G. L. (Ter. Ed.) c. 255, § 1, are valid as to third persons. The contention of the defendant Olson is that the two chattels in question, having been described in the mortgage, not precisely, but with some mistakes in dimensions, were not covered by it, and that she as an innocent purchaser for value is now the rightful owner. This contention cannot be supported. It has been held that a general description of personal property in a mortgage is sufficient to include articles which can be identified and which were intended to be covered by it. The test in such case is that, where the property can be readily identified after rejecting false or inaccurate recitals, effect may be given to the mortgage. *Pettis* v. *Kellogg*, 7 Cush. 456. *Harding* v. *Coburn*, 12 Met. 333, 339. *Winslow* v. *Merchants Ins. Co.* 4 Met. 306. *Goulding* v. *Swett*, 13 Gray, 517. The case at bar is distinguishable from *Wise* v. *Kennedy*, 248 Mass. 83, where the only practicable identification of the automobile was by its number which was incorrectly given in the mortgage.

*Decree affirmed with costs.*