Sanborn, J.
This is an action of tort for the conversion of a motor cycle. The defendant claims under a mortgage and the plaintiff claims under a bill of sale from the mortgagor. The action was heard by the trial court as a case stated, the agreed facts being as follows: Crawford Motors, Inc., a corporation engaged in the business of buying, selling and servicing automobiles and parts and accessories appurtenant thereto, executed a personal property mortgage to the defendant, the granting clause of which reads as follows: “All parts, accessories, tools and equipment; office furniture and furnishings, office supplies and any and all other stock in trade, excepting motor vehicles, and any article or articles hereafter purchased to replace *406 goods within the aforedeseribed category or categories which are sold in the course of business.” Subsequently the corporation gave a hill of sale of the motor cycle in question to the plaintiff. This motor cycle was used in the general conduct of the business of the corporation, had painted on it the name and address of the corporation and was the only motor cycle owned by it.
The sole question here presented is whether the motor cycle was included in the chattel mortgage. The plaintiff contends it was not so included for two reasons. First, because motor vehicles were expressly excepted, and secondly because it was insufficiently described to enable the mortgagee to hold against a third person who purchased in good faith.
Chattel mortgages are governed by the same rules of construction as are applicable to contracts generally. The intention of the parties is to be gathered from the language employed by them, but where that language does not make their meaning clear, it will be construed in the light of the surrounding circumstances, such as the situation and. conduct of the parties and the subject matter, nature, purpose and consequences of the mortgage. It seems clear the mortgage covered “All parts, accessories, tools and equipment” without any exceptions and the motor cycle in question bearing the Company’s name and address, and used in the conduct of its business may be properly considered equipment and therefore covered by the mortgage, and the trial court so held. It is argued that motor vehicles are expressly excepted but the punctuation of the granting clause indicates that the exception as to motor vehicles refers to the stock in trade rather than to the equipment. In other words, all equipment was mortgaged and also all stock in trade with the exception of motor vehicles. The trial court so held and we think ruled correctly in denying t’he plaintiff’s fourth request..
*407 The plaintiff further argues that the motor vehicle should have been described with more particularity as by engine number or model, and the recording of the mortgage without an identifying description cannot be considered constructive notice to third persons. This contention cannot be supported. While it is true that the usual way of describing motor vehicles in bills of sale* registrations, and other documents relating to them is by motor number, it is not essential in a chattel mortgage that the description be so specific that it may be identified by that alone, but it is sufficient if it suggests inquiries from which the mortgaged property may be ascertained. In other words a general description of personal property in a mortgage is sufficient to include articles which can be identified and which were intended to be covered by it. E. M. Blount Inc. vs. Giles, 288 Mass. 515, citing Pettis vs. Kellogg, 7 Cush. 456, Harding vs. Coburn, 12 Met. 333-339, Winslow vs. Merchants Ins. Co., 4 Met. 306 and Goulding vs. Swett, 13 Gray 517.
There has.been no prejudicial error. Report dismissed.