PUTNAM, C. J. (Barron, J., and Cohen, J.)
? On March 2, 1940, there was duly recorded a chattel mortgage from the House of Liederman, Inc., to the plaintiff. This mortgage covered all the mortgagor's personal property in or about 169-171 Norfolk Avenue, Boston. Four Ford motor vehicles were specifically described therein as follows:
“1 1934 Ford Panel Truck #18-3321972
1 1934 “ “ “ #18-2915825
1 1936 “ “ “ (Dual Wheel) #18-868751
1 “ “ “ “ “ “ #18-881942”
On or about September 7, 1940, the House of Liederman, Inc., sold to the E. 6? L. Operating Company a Ford motor vehicle described, in the E. 6? L. Operating Company’s application to the registry of motor vehicles for registration, as follows:
“Make—Ford
Type—157" chassis & cab Ford panel truck
Year of Manufacture 1936
Engine No. 18-3321972
From whom acquired—House of Liederman, Boston,
Sept. 7, 1940”.
and the registrar registered a vehicle under that description and assigned it number A 18512.
On December 12, 1940, counsel for one Hoffenberg obtained from a justice of this court leave to attach a “1936 Ford truck, registration No. A 18512 — located at 169 Norfolk Avenue, Boston.” The defendant named in that writ was E. & L. Operating Company. On December 14, 1940, by virtue of that writ the defendant in the case at bar, a constable, attached and took possession of a Ford dual wheel panel truck, 1936 chassis and cab, serial No. 18-3321972, registration No. A 18512. On December 18, 1940, and on subsequent dates, *45 the plaintiff in the case at bar made written demand upon the defendant, claiming the truck under the chattel mortgage described above. There being no response to this demand the plaintiff brought this action of tort for conversion.
The trial judge made the following express written findings: “I find as a fact the motor vehicle here, in question to have been sufficiently described in the mortgage; that said description is not misleading; and that said motor vehicle could be readily identified from such description irrespective of the inaccurate recital as to year of manufacture or of model year appearing therein," and found for the plaintiff for the value of the truck.
The principles applicable to this case are well settled. A general description of personal property in a mortgage is sufficient to include articles which can be identified and which were intended to be covered by it. The test in such case is that, where the property can be readily identified after rejecting false or inaccurate recitals, effect may be given to the mortgage. E. M. Blunt Co. v. Giles, 288 Mass. 515. The case made by this report is so plainly distinguishable from Wise v. Kennedy, 248 Mass. 83, as to require no discussion. In view of the undisputed facts, plus the findings of the trial judge, none of the defendant’s requests for rulings could have been given.
Report Dismissed.