Eno, J.
This is an action of tort for the conversion of an automobile of which the plaintiff was the mortgagee. The answer is a general denial.
The material facts do not seem to have been in dispute and are fully covered by the following findings by the Court:
“On February 20, 1943, Julian E. Schmidt and Alice M. Schmidt, both of Rowley, in said County of Essex, gave -a mortgage on a Buick Automobile and on household furniture to the plaintiff, as security for a loan. The automobile described therein as a 1938 Buick Sedan, Motor Number 213344038 and Serial Number L-3121304. The mortgage was received and entered in records -of mortgages of personal property in the Clerk’s Office of the Town of Rowley, February 23, 1943.
“The correct description of said automobile is a 1937 Buick Sedan, Motor Number 43344038 and Serial Number L-3121304.
*142 “Julian E. Schmidt transferred said automobile to the defendant on May 13, 1943. Later, the plaintiff, claiming title under said mortgage, made a demand on the defendant for said automobile. The defendant refused to give it up. No examination of the record of mortgages at Rowley had been made by the defendant, and he did not know of the existence of said mortgage.
“The correct serial number of said automobile is set forth in the mortgage and that is an identifying mark, for no other Buick Automobile has a like serial number.
FINDINGS
“I find that the serial number was a sufficient description of said Buick Automobile and to give full effect to the sale of it to the plaintiff, and that the defendant was charged with constructive notice of the plaintiff’s mortgage by reason of its being recorded.”
The report also shows that the mortgage was duly recorded in the City Clerk’s Office, Town of Rowley, on February 23, 1943 and that
“Each automobile has its own serial number and own motor number. The year is determined by the motor or serial number. No two cars have the same motor or serial number.
The defendant was in the used car and garage business for a period of eighteen years, and that he identified ¡this car as a 1937 Buick by looking at the motor and serial number.”
The defendant made the following requests for rulings:
“1. That upon all the evidence, there is a sufficiency of evidence to warrant a finding for the defendant. 2. That upon all the evidence, the defendant is entitled to a finding in his favor. 3. That upon all the evidence, the numbers as given in the mortgage upon which the plaintiff basis (sic.) its claim differed from the numbers as stated in a Bill of Sale given the defendant by Julian E. Schmidt. 4. That if the number and year *143 used in the plaintiff’s mortgage were not correct, the plaintiff cannot recover in this action.' 5. That where a mortgage incorrectly states the year and number of an automobile, a purchaser of that automobile would not be charged with constructive notice of the mortgage by reason of the mortgage being recorded. 6. That upon all the evidence, the defendant did not have actual knowledge of any mortgage given by Julian A. Schmidt to the plaintiff. 7. That even if the defendant did have actual knowledge of a mortgage given by Julian E. Schmidt to the plaintiff, but if the said mortgage did not give the correct number of the motor vehicle, the mortgage would not be binding upon this defendant and the plaintiff is not entitled to recover.”
The Court allowed No. 6 and denied Nos. 1 and 2, and, “because the requests do not fully state the facts found”, denied those numbered 3, 4, 5 and 7. There was a finding for the plaintiff.
The Supreme Judicial Court, in the case of E. M. Blunt, Inc. vs. Charles E. Giles, 288 Mass., 515 at 516 states the test in such cases to be that “where the property can be readily identified after rejecting false or inaccurate recitals, effect may be given to the mortgage.”
The contention of the plaintiff is that the Court should disregard the error in the year and motor number of the automobile, and look only to the serial number, which was correct. On the other hand, the defendant argues that instead of disregarding two errors, we should consider two errors out of three.
In the present case, the defendant purchaser had been “in the used car and garage business for a period of eighteen years”, and he “identified this car as a 1937 Buick by looking at the motor and serial number.”
A search of the records of mortgages would have disclosed the fact that the automobile was mortgaged.
*144 We think that by his findings of fact, the trial judge applied the correct principles of law laid down in E. M. Blunt, Inc. vs. Charles E. Giles, 288 Mass., 515 at 516, and the denial of the requested rulings was right.
There being no prejudicial error, the report is to be dismissed.