*Municipal Court of the City of Boston*

No. 226557

## STILL ASSOCIATES, INC.

### v.

## KENNETH F. MURPHY

Argued: Jan. 16, 1970  Decided: Jan. 21, 1970.

*Present:* Adlow, C.J., Morrissey, J., Gorrasi, Sp. J.

Case tried to *Lewiton, J.,* in the Municipal Court of the City of Boston.

*Adlow, C. J.* Action of tort for conversion. On the agreed facts, Charles J. Lavoie executed a chattel mortgage, a financing statement and a security agreement to the plaintiff, Still Associates Inc., on October 31, 1967. Said documents covered "one (1) 1967 Dodge 6 cyl. D

100 pickup serial #1161-702080''. On the same day these documents were filed with the Secretary of State, and on November 2, 1967 were recorded with the City Clerk of Brockton. In each instance the number of the vehicle was recorded as ''Serial #1161-702080.'' Actually the correct serial number of the truck was #1161-702088. On September 30, 1968 Charles J. Lavoie sold the above described Dodge pickup truck to Kenneth F. Murphy without disclosing the lien of the Still Associates Inc. Murphy applied to the National Shawmut Bank for a loan in order to finance the purchase. The National Shawmut Bank made an examination of the records and found an outstanding chattel mortgage on vehicle #1161-702088 (the correct serial number of the car involved). This mortgage ran in favor of the Chrysler Credit Corporation and was discharged at the time of the sale to Murphy. The Shawmut Bank then recorded the financing documents with the Secretary of State and the town clerk of the Town of Weymouth. On December 12, 1968 the Still Associates, Inc. made a demand on Murphy, the purchaser from Lavoie, and in the demand described the truck as ''serial # 1161-702080.'' The defendant refused to surrender the truck and in this action the Still Associates, Inc. seek to recover the value of same in an action for conversion. The difference in the numerals resulting in the erroneous description of the vehicles was attributed to

the mistake of an agent of the plaintiff who prepared the documents. It appears to be conceded that the defendant at no time had any notice of the plaintiff's lien and that he acted in good faith.

On the above facts the plaintiff requested the court to rule that the error in transcribing the serial number did not impair the security interest of the plaintiff, and that the plaintiff was entitled to recover in this action. The court refused to so rule and found for the defendant. Being aggrieved the plaintiff brings this report.

There was no error. Prior to the advent of the Uniform Commercial Code in this Commonwealth (1957), the law with respect to this particular issue was clearly defined in *Wise* v. *Kennedy*, 248 Mass. 83. In that case the court ruled that a mistake in recording the number of an automobile or a well-known make and type was fatal to the rights of a mortgagee who had recorded an instrument tainted with such error. In its opinion the court emphasized the fact that

> "automobiles of various mechanical designs, made by numerous manufacturers under multiform trade names are constantly in the market for purchase and sale. And that cars of any one of the makers can be distinguished with reasonable certainty from other automobiles of the same class, only by the number by which each car is designated."

That the only practical method of identifying any of the mass produced cars is by number was reiterated in *Blunt* v. *Giles,* 288 Mass. 515. See also *Staley* v. *Wilbur* (1926) 258 Mass. 481, 482. *First Nat. Bank of Opp.* v. *Hacoda Mercantile Co.,* (1910) 53 So. 802 (Ala.)

Under the Uniform Commercial Code enacted in 1957, it is provided that

> "For the purpose of this article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

> G.L. (Ter. Ed.) c. 106, § 9-110.

Whether the presence of this provision in the Uniform Commercial Code deprives the rule in *Wise* v. *Kennedy,* 248 Mass. 83 of its authority is none too clear. It would appear from the rulings of the Supreme Judicial Court in *National Cash Register Co.* v. *Firestone & Co., Inc.,* 346 Mass. 255, that the heretofore strict rule requiring accurate and correct descriptions of property covered by security instruments has been relaxed. In this case the court justified its abandonment of the earlier rule by pointing out that the words actually used in the recorded instrument were sufficient to put parties on inquiry as to what the mortgage actually did cover. It must, however, be pointed out that the instruments involved in the *National Cash Register Co.* v. *Firestone & Co., Inc.,* covered inventory and equipment of a

lunch room and bear little resemblance to the subject matter of the mortgage in *Wise* v. *Kennedy* (supra). There is a reasonable margin for error where the belongings of a going concern are involved. It is, on the other hand, not unreasonable to insist on strict accuracy where a valuable car is concerned and where the only way to distinguish it from a multitude of similar cars is by the number.

In passing, it might be noted that in the *National Cash Register Co.* case, no mention was made of *Wise* v. *Kennedy*. In our opinion the court did not try to abandon its earlier position. What actually happened was that it distinguished the facts. In our opinion the court properly ruled that the issue before it was governed by *Wise* v. *Kennedy*. *Report dismissed.*

MAX L. RUBIN
of Boston for the Plaintiff
DANIEL J. BAILEY
of Boston for the Defendant.