# Rogers *v.* King.

## *Trover.*

Decided July 2, 1907. 44 South. 655.)

*Sheriffs and Constable; Wrongful Levy; Conversion.*—Under the facts in this case as found by the court, on a special finding of the facts, which are summarized in the opinion, it is held that they are insufficient to show a conversion by the officer of the property, under the complaint. (Haralson, Dowdell and McClellan, JJ., dissent)

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Jere C. King against Augustus C. Rogers in trover and trespass. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

LAWRENCE COOPER, for appellant.—Under the facts in this case there was no evidence to support trespass, or of any disturbance of plaintiff's possession. The writ of attachment and endorsement thereon should have been excluded.—*Cobb v. Cage*, 7 Ala. 619; *Goode v. Longmire*, 35 Ala. 668; *Abrams v. Johnson*, 65 Ala. 465; *Hamilton v. Maxwell*, 119 Ala. 23; *Hollingster v. Goodale*, 21 Am. Dec. 674. Under these authorities it is laid down as an inflexible rule that to constitute a levy

[Rogers v. King.]

the officer must assert his title to it by such acts as would render him chargeable as a trespasser, but for the protection of the process. The endorsement is inadmissible for the reason further that the sheriff is sued individually and not as an officer.—20 Ency. P. & P. 144. The description of the property is so indefinite as to render the levy void for uncertainty.—*Bolling v. Vandiver,* 91 Ala. 380. To constitute a conversion there must be a positive tortious act.—*Davis v. Hunt,* 114 Ala. 146. There was a fatal variance between the averment and proof.—*Plott v. Robinson,* 39 South. 771; *Williams v. McKissack,* 125 Ala. 544.

R. W. WALKER, and S. S. PLEASANTS, for appellee.— The term, conversion, embraces any intermeddling with or dominion over property subversive of the dominion of the true owners.—*Glaze v. McMillan,* 7 Port. 279; *Freeman v. Shurlock,* 27 Ala. 412; *Conner v. Reynolds,* 33 Ala. 515; *Bolling v. Kirby,* 90 Ala. 222; *Henderson v. Foy,* 96 Ala. 205; *Mitchell v. Thomas,* 114 Ala. 461. It was not necessary that the sheriff be sued as the sheriff.—*Abercrombie v. Bradford,* 16 Ala. 560; Chitty on Pleadings, 154. The delivery of the goods by Rogers, the sheriff, to the trustee in bankruptcy could not relieve him.—*Hudson Bros. v. DuBose,* 85 Ala. 447; *Lee v. Matthews,* 10 Ala. 682; 18 Ala. 716; *Marks v. Robinson,* 82 Ala. 69.

McCLELLAN, J.—The appellee instituted this action against the appellant, and his complaint contains three counts—the first in trover, and the second and third in trespass, for a wrongful levy of a writ of attachment by the appellant, who was sheriff of Madison county, on property of the appellee, a stranger to the writ. The trial was had on issue joined on a general traverse and

a special plea setting up justification under legal proc-
ess.  Demurrers were sustained to other special pleas,
but the assignments predicated upon this action are not
insisted on in brief and argument.

There was a special finding of facts by the judge.—
*Chandler v. Crossland,* 126 Ala. 176, 28 South. 420.
Whether the findings made are sufficient to sustain the
judgment as upon the second and third counts of the
complaint, viz., for a trespass, it is unnecessary to de-
cide, since in the view taken of the case the judgment is,
in our opinion, supported by the findings resposive to the
first count, viz., for the conversion, and to this count the
judgment will be referred for its propriety.

After that determining the fact of purchase, prior to
the issuance of the writ, of the property involved by ap-
pellee from Steger, the court's findings, pertinent to the
question of conversion vel non, may be summarized as
follows:  That before the departure of the deputy from
Huntsville to the place where the corn was, 14 miles
away, appellee notified the deputy and appellant that
the corn in issue was his; that, notwithstanding this, the
deputy went to the cribs where the corn was stored, took
a view of it, placed his hand on the cribs, but not on the
corn, did not go in the buildings or put up any notice of
levy, nor place any one in charge or custody of it, nor
measure the corn, but guessed at the quantity, nor de-
manded the key to one crib, which was locked; that he
went to Stegar, and told him he had levied on the corn;
that he returned to Huntsville, and within a day or two
indorsed his return on the writ that levy had been made
on the corn; that on the day or night of the alleged levy
appellant told appellee that he had possession of the
corn under the writ, and would hold it if plaintiffs in
the writ gave him a promised indemnity bond, which
bond was given him; that on demand appellant several

[Rogers v. King.]

times refused to surrender the corn to appellee; that upon adjudgment of Steger's bankruptcy and the appointment of a trustee therein appellant turned over to him other property taken under the writ, but not the corn; that subsequently appellant told appellee that he did turn over the corn in question; and that the trustee about two months afterwards got the possession of the corn from the bankrupt, and sold it in course of administration.

Conversion is the gist of the action of trover, and to sustain a recovery therein it is incumbent upon the aggrieved party to show a destruction of his property, or some unlawful interference or intermeddling with his use, enjoyment, or dominion over it, for the benefit or use of the offender or of another, in disregard or defiance of the owner's right. This conversion need not extend to a physical taking of the property; but it must be a positive, tortious act, as distinguished from a mere nonfeasance or neglect of legal duty.—*Bolling v. Kirby,* 90 Ala. 215, 7 South. 914, 24 Am. St. Rep. 789, and notes; *Davis v. Hurt,* 114 Ala. 146, 21 South. 468. It is unquestionably true that mere words—declarations—will not, in and of themselves alone, amount to a conversion. Something more must attend. And it may be obesrved that there is, of course, a well-defined distinction between a conversion and evidence tending to show such has been accomplished. But declarations, admissions, or statements, in connection with the circumstances surrounding their delivery or making, will in some cases give color and effect to the act which, without them, would fall short of conduct, anent the property, warranting a recovery in trover.—*Gillet v. Roberts,* 57 N. Y. 32, 33; *Connah v. Hale,* 23 Wend. (N. Y.) 466; *Bristol v. Burt,* 7 Johns. (N. Y.) 254, 5 Am. Dec. 264; *McCombie v. Davies,* 6 East. 537-539; *Gibbs v.*

*Chase,* 10 Mass. 128; *Phillips v. Hale,* 8 Wend. (N. Y.) 613, 24 Am. Dec. 108; *McDonald v. Bayha,* 100 N. W. 679, 93 Minn. 139. In our opinion these authorities sustain, in principle, the conclusions asserted. Applying the law as stated to the case in hand, we feel no hesitation in saying that a conversion is shown in this case.

The ignoring of the notice of the sheriff and his deputy that the corn was appellee's, the visit of the deputy to the place of its location, his acts there, the declaration to the defendant in attachment that he had levied on the corn, the indorsement of the return on the writ, the assertion by the appellant that he had the possession, the reception of an indemnity bond in the premises, the refusal on demand to surrender the property to appellee, the statement by the appellant to appellee that he did not turn over the corn to the trustee in bankruptcy, and, finally, the important fact that the acts and declarations were those of a sheriff and his deputy armed with an attachment writ, and the certain acquiescence by the appellee in the assumption by these officers of dominion and authority over the corn in question in palpable defiance of the appellee's rights in the premises, and the subsequent sale thereof by the trustee, all lead unerringly, we think, to the conclusion that a conversion was accomplished. It would be a remarkable proposition to say that such acts, conduct, declarations, and results were unremediable in this character of action; manucaption not being essential to the accomplishment of a conversion.

Many of the assignments of error rest on the rulings of the court on the admission of testimony, viz., declarations of the appellant to appellee and to the trustee upon his demand for the property levied on under the writ, the admissibility of the writ of attachment, the papers, etc., in the bankruptcy proceedings, and the indemnity

bond. None of these rulings were erroneous, since they each directly bore upon the issue of conversion, the gist of the action. The return of the writ, though not void, is not conclusive on the sheriff, in an action against him by a stranger thereto. In a proceeding against the officer by the parties, or their privies, a different effect would, in an event, be given it. But where a conversion is the gravamen of an action, brought, as here, to undisputably conclude the officer by his return would, in at least some cases, seal up the inquiry against the truth to no good purpose, if, indeed, such a rule did not, by a quasi fiction, lead to a recovery when, indeed, the basis therefor existed on paper only, and not in fact.

The action of the court in admitting the testimony showing the rule of estimate used by appellee and Steger in their agreement for purchase and sale of the corn, if erroneous at all, wrought no prejudicial injury to appellant, because the judgment rendered appears to have been fixed in amount by the multiple of the actual corn, as measured out, and the price per bushel ascertained by the court.

In our opinion the judgment should be affirmed.

HARALSON and DOWDELL, JJ., concur.

TYSON, C. J., and SIMPSON, ANDERSON, and DENSON, constituting a majority of the court, hold that on the finding by the court there can be no recovery in this action. The judgment is therefore reversed, and one is here rendered for defendant, Rogers.

Reversed and rendered.