# Wilson *v.* Lewis.·

## *Trover.*

(Decided June 30, 1914. 65 South. 919.)

1. *Trover and Conversion; Evidence.*—The admission of a defendant that he took possession of the property after an unauthorized sale, at which he was the purchaser, and kept it until he resold it, was sufficient evidence of the conversion, where it also appeared that he had knowledge of plaintiff's claim thereto.

2. *Same; Constituent Elements.*—Intermeddling with property, and the assumption of dominion over it to the exclusion of the true owner is a conversion, although there be no physical taking of the chattels.

3. *Evidence; Admissions at Former Trial.*—Admissions made by a party when testifying on a former trial may be shown at a subsequent trial by a person who heard the admissions made at such former trial.

4. *Same; Refreshing Recollection.*—Where a witness is testifying as to admissions made by a witness, a party, at a former trial, he may refresh his recollection by referring to the bill of exceptions containing such admissions at such former trial.

5. *Appeal and Error; Assignments of Error; Reference to Record.*—Where the only reference to the record in the assignment of error and in the brief on submission, is an incorrect one, there is such a failure to comply with Rule 10, Supreme Court practice, as to render the assignment unavailing.

APPEAL from Talladega Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Trover and conversion by S. L. Lewis against John H. Wilson, for the conversion of a saw-mill outfit. Judgment for plaintiff and defendant appeals. Affirmed.

HARVEY A. EMERSON, for appellant. The court erred in permitting the witness to testify to admissions made by defendant on the former trial.—*Acklen v. Hickman,* 63 Ala. 494; *Torrey v. Burney,* 113 Ala. 496; 16 Greenleaf, secs. 439a and b. The bill of exceptions were not shown to be correct, and the court erred in permitting the witness to refer to it for the purpose of refreshing his recollection.—Authorities supra, and *Mims v. Sturdivant,* 36 Ala. 636. The defendant did not have possession, actual, of the property, and the court should have directed a verdict for him.—*Rogers v. King,* 151 Ala. 628; *Davis v. Hurt,* 114 Ala. 146; *Bowling v. Kirby,* 90 Ala. 215; 38 Cyc. 2018-9.

KNOX, ACKER, DIXON & SIMS, for appellee. A witness may refresh his recollection from memoranda he has made, which he knew to be correct at the time he made it.—*Billingslea v. The State,* 85 Ala. 323; *Powell v. Henry,* 96 Ala. 412; *Boling v. Fannin,* 97 Ala. 619; 1 Green. 542. The evidence clearly showed a conversion of the chattels.—38 Cys. 2005, 2022, 2026, 2027; *Ensley Lbr. Co. v. Lewis,* 121 Ala. 94; *Scott v. Hodges,* 62 Ala. 337; *Milner, et al. v. DeLoach Mill Co.,* 129 Ala. 654.

WALKER, P. J.—This is the second appeal in this case.—*Lewis v. Wilson,* 155 Ala. 668, 45 South. 1037. Under the evidence adduced on the last trial there was no room for dispute as to the plaintiff's ownership of the chattels alleged to have been converted at the time of the occurrences which were claimed to have constituted a conversion of them by the defendant. One of those occurrences was a sale of the property of one Gorman, at which the defendant became the purchaser of it with full notice of the plaintiff's claim to it. Some question was made as to the defendant's assuming control or

dominion of the property under his purchase. An admission by the defendant that he took possession of the property under the unauthorized sale at which he was a purchaser and held it until he resold it was, in the circumstances, in effect an admission that he converted it. It was permissible to prove by the witness Whiteside that the defendant made such an admission when he testified in the previous trial of the case.

There was no impropriety in the witness Whiteside refreshing his recollection of the testimony of the defendant in the former trial by an examination of the report of that testimony contained in the bill of exceptions which the witness prepared after that trial, and the motion to exclude the testimony of this witness as to what was testified to by the defendant in the former trial was properly overruled.—*Billingslea v. State,* 85 Ala. 323, 5 South. 137; *Powell v. Henry & Co.,* 96 Ala. 412, 11 South. 311; *Battles v. Tallman,* 96 Ala. 403, 11 South. 247.

That the defendant committed the alleged conversion we think is a necessary conclusion from the undisputed evidence as to his purchase of the chattels in question at an unauthorized sale of them, which he directed to be proceeded with, and as to his obstruction of the effort of the plaintiff's agent to obtain possession of them after the sale. His intermeddling with the property and assumption of a dominion over it which was subversive of that of the true owner amounted to a conversion, whether there was or was not a physical taking of the chattels by him.—*Rogers v. King,* 151 Ala. 628, 44 South. 655. As the undisputed evidence showed that there was a conversion as alleged, and that the damage thereby inflicted upon the plaintiff amounted to at least $500, the court did not err in giving the written

charge which is referred to in the sixth assignment of error.

The first assignment of error and the part of the brief of the appellant's counsel which undertakes to support it refer to a page of the transcript which contains nothing indicating that the court made such a ruling as the one which is complained of. Though evidence of such a ruling having been made may be found in another part of the transcript, the effect of the noncompliance with the requirement of practice rule 10 (61 South. vii) as to references to the pages and lines of the transcript is that the appellant has failed to put upon the court the duty of considering the assignment of error in question. The court is not to be expected to search for supposed errors not distinctly pointed out in the manner prescribed by the rule.

Affirmed.