(80 South. 623)

WILSON v. RATCLIFF.   (8 Div. 581.)

(Court of Appeals of Alabama.   Dec. 17, 1918.)

1. APPEAL AND ERROR ⚖➡713(3) — BILL OF EXCEPTIONS—CHARGE.

Though it is not essential that oral charge appear in the bill of exceptions, that it does so appear will not be ground for striking it out.

2. TRIAL ⚖➡158—SUFFICIENCY OF EVIDENCE — MOTION TO EXCLUDE EVIDENCE — JUDGMENT.

A motion to exclude the evidence and for a judgment does not take the place of a demurrer to the evidence or the affirmative charge.

3. TENANCY IN COMMON ⚖➡38(10, 11) — ACTION FOR CONVERSION—JURY QUESTION.

Whether one, having an undivided half interest in cotton, disposed of the cotton so as to exclude the rights of the cotenant in the joint property, was under the facts for the jury.

4. TENANCY IN COMMON ⚖➡27—CONVERSION BY JOINT TENANT.

The sale, destruction, or other disposition of things held in common by one joint tenant, so as to exclude the right of the other, and in disregard and denial of the rights of the other, is a conversion for which trover may be maintained by his co-owner.

5. TROVER AND CONVERSION ⚖➡3—INTENT.

It is the act of conversion itself that gives a right of action for conversion, and not the intention to convert, and there must be an act of conversion in contradistinction to evidence tending to show conversion.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action in trover by T. R. Ratcliff against W. W. Wilson for the conversion of cotton and cotton seed. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

D. Isbell, of Guntersville, for appellant.
John A. Lusk & Son, of Guntersville, for appellee.

SAMFORD, J. [1] This case was submitted on a motion to strike out of the bill of exceptions the oral charge of the court, and on the merits. Whatever may have been the view of this court on the motion, its views must now conform to the decision of the Supreme Court, and the motion of the appellee to strike must be overruled. Ex parte Mobile Light & R. R. Co., in re Mobile L. & R. R. Co. v. Thomas, 201 Ala. 493, 78 South. 399, present term.

[2] After the evidence for plaintiff was all in, the defendant moved the court to exclude the evidence, and for a judgment. This motion was properly overruled. A motion of this kind does not take the place of a demurrer to the evidence, or the affirmative charge. Abraham Bros. v. Means, ante, p. 42, 75 South. 187, and authorities cited.

[3, 4] When this case was before the Supreme Court on a former appeal (Wilson v. Ratcliff, 197 Ala. 548, 73 South. 84), the court held that, on the facts as there presented, the defendant was entitled to the general affirmative charge; but the record on this appeal presents a materially different state of facts from those as stated in the opinion of Mr. Justice Sayre. The plaintiff and defendant were tenants in common of a bale of cotton in the seed. The defendant, over the protest of the plaintiff, hauled the cotton from the premises where it was stored, to a gin, had the cotton ginned, stored it with the ginner in his own name, sold the seed, used the money, and said nothing to plaintiff, who admittedly had a one-half undivided interest in both the lint and the seed, about its disposition. From these facts, it was a question for the jury to say whether the cotton had been disposed of so as to exclude the rights of the plaintiff in the joint property. The rule is that the sale, destruction, or other disposition of things held in common by one joint tenant, so as to exclude the right of the other, and in disregard and denial of the rights of the other, is a conversion for which trover may be maintained by his co-owner. Howton v. Mathias, 197 Ala. 457, 73 South. 92; Perminter v. Kelly, 18 Ala. 716, 54 Am. Dec. 177; Smyth v. Tankersley, 20 Ala. 212, 56 Am. Dec. 193; Allen v. Harper, 26 Ala. 686; Williams v. Nolen, 34 Ala. 167; Moore v. Walker, 124 Ala. 199, 26 South. 984; Wilson v. Lewis, 11 Ala. App. 261, 65 South. 919.

[5] But it is not the intention to convert that gives a right of action; it is the act itself. There must be an act of conversion, in contradistinction to evidence tending to show conversion. 6 Mayf. Dig. p. 894, par. 12; Rogers v. King, 151 Ala. 628, 44 South.

655. It was for the jury to say, from all the facts in the case, whether the act of conversion had taken place, and not that the defendant intended to convert the joint property to his own use. That part of the court's oral charge, in the following words:

"The rule of law is that no tenant in common can sue the other tenant in common for conversion, that is what this suit is, for trover, for conversion, till the other tenant in common is justified in the belief that he intended to convert to his own use and deny the right of the other tenant in common. For instance, you and I own a horse together, it belongs to both of us, or a bale of cotton together, each one is entitled to the possession of it and neither one can sue the other about the possession of it or the conversion of it, so long as we stand in that relation, and if one of the joint owners, one of the tenants in common, assumes authority over the joint property in such a way as to show reasonably, to satisfy the jury that he intends to deny the rights of the other, and appropriate it to his own use, then this action of trover will lie"

—is not in line with the views herein expressed, and for that reason the judgment must be reversed, and the cause remanded.

Reversed and remanded.