(83 South. 475)

## Ex parte MINOR.  (2 Div. 696.)

(Supreme Court of Alabama.  Nov. 27, 1919.)

1. ANIMALS ⊜➤44—RELATIVE VALUES OF HENS AND OF DOG KILLED TO PROTECT HENS CONSIDERED IN DETERMINING WHETHER KILLING WAS REASONABLE.

The relative values of plaintiff's dog, killed by defendant, and defendant's guinea hens, to be protected by the killing, were proper circumstances for the jury to consider in arriving at a conclusion whether the defense that defendant killed the dog to protect the guinea hens was a reasonable one under the circumstances.

2. ANIMALS ⊜➤44—DEFENSE AGAINST LIABILITY FOR KILLING DOG TO PROTECT HENS NOT GROUNDED ON SHOWING OF EQUAL VALUE.

Defense against liability for killing plaintiff's dog that it was done to protect defendant's guinea hens need not be based as matter of law on showing that the hens protected were in value equal to, or not greatly less than, the value of the dog, a question comprehended in the issue of reasonable necessity for the killing, and which need not be alleged in defendant's plea of the defense.

3. ANIMALS ⊜➤44—CONSIDERATION OF APPARENT RELATIVE VALUES OF DOG KILLED AND HENS PROTECTED IN ACTION FOR KILLING.

In considering the plea of defendant, sued for having killed plaintiff's dog, that he did so in defense of his own guinea hens, the jury must have regard for the relative values of dog and hens as they reasonably appeared at the time to defendant, who cannot be convicted of an unreasonable defense of his hens because of valuable qualities, whether of pedigree or training, in the trespassing dog, not apparent to the observation of ordinarily intelligent men, and not ordinarily inherent in such dogs.

4. APPEAL AND ERROR ⊜➤1095—RULING OF COURT OF APPEALS NOT OVERTHROWN ON DOCTRINE OF HARMLESS ERROR UNLESS FACTS AUTHORIZING IT APPEAR IN OPINION.

The principle that, where defendant had full benefit of his plea, demurrer to which was improperly sustained and plea eliminated, by instructions given by the trial judge to the jury, the error in sustaining demurrer was without injury, is not applied by the Supreme Court to rulings of the Court of Appeals except where its application has been omitted or denied by that court on facts appearing in its opinion, and which clearly demand its application.

5. ANIMALS ⊜➤44—DOCTRINE OF MALICE TOWARD OWNER OF ANIMAL KILLED WITHOUT APPLICATION IN CIVIL ACTION FOR KILLING.

In an action for killing plaintiff's dog on defendant's premises, as defendant claimed, in defense of his guinea hens, the doctrine that malice cannot be predicated of defendant's act in killing the dog unless it appears that he entertained malice toward the owner is without application, being a narrow and doubtful rule

of construction given to the criminal statute for punishment of malicious injury to animals.

Certiorari to Court of Appeals.

Action by Phillip B. Minor against Thomas W. Coleman for damages for killing a dog. From judgment for plaintiff, defendant appealed to the Court of Appeals, which reversed and remanded (82 South. 42), and plaintiff petitions for certiorari.  Denied.

Plea 4 was as follows:

Comes the defendant, and for a further plea to plaintiff's complaint as amended and separately to each count thereof says that when plaintiff's dog was shot by Jim Ward the dog was on defendant's premises and was in full pursuit of defendant's guineas, and that it was necessary, or appeared to be so to a reasonable man, to kill the dog to save the life of the guinea or from serious bodily harm.

The demurrers set up the fact that it is not alleged that the dog was in the act of killing or of chasing defendant's guineas at the time it was shot and killed.  The plea neither denies nor confesses that defendant killed plaintiff's dog, because it does not allege that the dog was unlawfully on defendant's premises at the time it was killed; does not set up any facts which would justify or excuse the defendant in killing the dog or causing it to be killed.

McKinley, McQueen & Aldridge, of Eutaw, for appellant.  The court did not err in sustaining demurrers to plea 4, and the Court of Appeals erred in reversing the trial court on that point.  125 Ala. 625, 27 South. 764; 3 Ala. App. 354, 57 South. 127; 61 Ala. 139; 9 Ala. 527; 167 Ala. 176, 52 South. 310; 91 Ala. 392, 8 South. 824; 192 Ala. 480, 68 South. 341; 2 Ala. App. 547, 56 South. 759; 196 Ala. 123, 72 South. 47; 198 Ala. 149, 73 South. 406; 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929; 200 Ala. 308, 76 South. 74.

Evins & Jack, of Greensboro, for appellee. No brief reached the Reporter.

SOMERVILLE, J.  We agree with the holding of the Court of Appeals that the defendant's fourth plea was not subject to the grounds of demurrer interposed, and that its elimination by the trial court on demurrer was erroneous.

[1, 2] The relative values of the dog that was killed and the guinea fowls to be protected by his killing has been held to be "a proper circumstance for the jury to consider in arriving at a conclusion whether the defense was a reasonable one under the circumstances." Kershaw v. McKown, 196 Ala. 123, 72 South. 47.  But there is no rule of law that the defense against liability for

killing the dog must have been based upon a showing that the fowls thus protected were in value equal to or, not greatly less than the value of the dog. Kershaw v. McKown, supra. That question is comprehended in the issue of reasonable necessity for the killing, and need not be alleged in the plea.

[3] But we think an important limitation upon the rule must be observed, viz. that the jury must have regard for relative values as they reasonably appeared at the time to the defendant. Certainly he could not be convicted of an unreasonable defense of his poultry because of valuable qualities in the trespassing dog, whether of pedigree or training, not apparent to the observation of a man of ordinary intelligence, and not ordinarily inherent in dogs of a similar appearance.

Counsel for petitioner is in error in his assumption that plea 4 is addressed only to the complaint as a whole. On the contrary, it is pleaded "to the complaint as amended, and separately to each count thereof."

If the consideration by the jury of relative values, as affecting the reasonableness of the killing, in such cases as this, had not already been approved by this court, the writer would be inclined to the view that the owner of domestic animals or poultry kept by him upon his own premises may lawfully slay any trespassing animal if that be necessary to preserve his own, and that his right to do so cannot be qualified by any consideration of comparative values. See the very able and interesting discussion of the subject by Doe, J., in Aldrich v. Wright, 53 N. H. 398, 16 Am. Rep. 339.

[4] But it is insisted for petitioner that even if plea 4 were improperly eliminated on demurrer, defendant had the full benefit of the plea by the instructions given by the trial judge to the jury, and it was error without injury. The principle invoked is sound, but this court does not apply it to rulings of the Court of Appeals, except where its application has been omitted or denied by that court upon facts appearing in its opinion, and which clearly demand its application. Birmingham South. Ry. Co. v. Goodwyn, 202 Ala. 599, 81 South. 339.

On this question, therefore, we cannot say that the elimination of plea 4 was not reversible error.

[5] We think, however, that the doctrine declared by the Court of Appeals that malice cannot be predicated of defendant's act in killing the dog unless it appears that he entertained malice toward the owner is a misapplication of a narrow and doubtful rule of construction which has been given to our criminal statute for the punishment of malicious injury to animals. In civil cases like this there can be no reason for such a quali-

fication of liability for a malicious or wanton injury to another's property.

The writ of certiorari will be denied.

Writ denied.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.