FIRST NAT. BANK OF GADSDEN v. HOWARD et al.　(7 Div. 96.)

(Court of Appeals of Alabama.　April 20, 1926.)

1. Pleading ⬅️143—In action on bill of exchange, plea alleging plaintiff's conversion of cotton seed hulls, for which it was given, with offer to set off value thereof, held not demurrable.

In action on bill of exchange, plea that plaintiff converted cotton seed hulls bought by defendants, for which such bill of exchange was given, and offering to recoup value thereof against plaintiff's demand, *held* not demurrable on ground that it was not good cause of action when suit was commenced, or for failure to show title or ownership of hulls, or because of attempted set-off sounding in damages merely or because no contract between plaintiff and defendant was alleged, or because uniting plea of failure of consideration with plea of set-off, or for failure to allege that bill of exchange was paid, or for failure to aver that plaintiff had notice of defendants' ownership, or for failure to aver time of conversion.

2. Appeal and error ⬅️1040(1)—Ruling of court on pleas, found in effect for appellant, if error, held not prejudicial.

Ruling of court on pleas, on which jury in effect had found for appellant, if error, *held* not prejudicial.

3. Trover and conversion ⬅️35—Burden of proof is on party alleging conversion.

In action on bill of exchange, burden *held* to be on defendants to establish material averments of pleas alleging plaintiff's conversion of cotton seed hulls, for which such bill of exchange was given.

4. Trover and conversion ⬅️40(4)—Evidence held insufficient to show conversion of cotton seed hulls, for which bill of exchange was given.

Evidence in action on bill of exchange *held* insufficient to show that plaintiff converted cotton seed hulls, for which such bill of exchange was given.

5. Banks and banking ⬅️118—Evidence that certain man was "of the First National Bank" held insufficient in itself to show that he was acting for the bank in conversion of defendants' goods.

Evidence that certain man was "of the First National Bank" *held* insufficient in itself to show that he was acting for the bank in conversion of defendants' goods.

6. Trover and conversion ⬅️1—To recover for conversion, it is necessary to show destruction of property or interference therewith amounting to disregard of owner's rights.

To sustain recovery for conversion of property, it is necessary to show destruction thereof, or such interference therewith as to amount to disregard or defiance of owner's rights.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Trover and conversion ⬤━l—Mere words will not in themselves amount to conversion.**

Mere words or declarations will not in themselves amount to conversion, though there need not be physical taking of property.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by the First National Bank of Gadsden against A. C. Howard and another, partners doing business as the Whitworth Grocery Company. From a judgment over for defendants, plaintiff appeals. Reversed and remanded.

Plea 3 was as follows:

"For further answer to the complaint, defendants say that the bill of exchange sued on was given in payment for a carload of cotton seed hulls bought from the Gadsden Brokerage Company; that said car of hulls was shipped order notify with bill of lading attached to draft, and said draft deposited with plaintiff for collection. The Gadsden Brokerage Company delivered said bill of exchange to plaintiff, and it then surrendered the bill of lading to the Gadsden Brokerage Company, and it unloaded said car of hulls in its warehouse, and sacked for defendants. Thereupon plaintiff took charge of said hulls, and converted the same to its own use. Defendants aver that this was done by the plaintiff in pursuance of fraudulent purpose to secure the release of said hulls from the shipper by taking up the bill of lading by use of defendants' bill of exchange, and then appropriating the said hulls on a debt due it by the Gadsden Brokerage Company. Defendants aver that by the conduct of plaintiff it lost the hulls which it had purchased, which were of the value of $500, which sum of money defendants offer to recoup against the demand of plaintiff, and they pray judgment for the excess."

These grounds of demurrer were interposed to this plea:

"(25a) For that it appears therefrom that the cause of action sought to be set off therein was not a good and subsisting cause of action at the time this suit was commenced.

"(25) It shows that the defendants were never the owners of said hulls.

"(25½) For that the cause of action sought to be set off therein is on a demand sounding in damages merely.

"(26) It shows that there was never any contract between the plaintiff and the defendants.

"(27) For that said plea unites in the same plea a plea of failure of consideration and a plea of set-off or recoupment for the conversion of said hulls by plaintiff.

"(28) For that said plea fails to aver or show that the defendant had such a title to said hulls as would permit the defendant to set up as a defense to the cause of action sued upon a conversion of said hulls by plaintiff.

"(29) For that it nowhere appears therefrom when the title of said hulls was to pass to defendant."

Plea 5 was as follows:

"Defendant avers that the bill of exchange sued on was given to the Gadsden Brokerage Company by defendants in payment for a car of cotton seed hulls which had been shipped to Gadsden by the shipper C. O. D., and a draft attached to the bill of lading therefor deposited with the plaintiff for collection. The Gadsden Brokerage Company took said bill of exchange to the plaintiff, and delivered the same to it, and thereby procured the surrender of the bill of lading for said car of hulls, and the said hulls were then delivered to the defendant at the warehouse of the Gadsden Brokerage Company, and there placed in sacks for the defendant, and while so stored at the warehouse of the Gadsden Brokerage Company the plaintiff took charge of the same, and refused to surrender the same to the defendants, but converted the same to its own use, and defendants aver that they were damaged by said conversion in the sum of $500, which sum of money they offer to set off or recoup against the demand of the plaintiff, and they pray judgment for the excess."

To this plea the following grounds of demurrer were assigned:

"(1) It does not aver that the bill of exchange was ever paid.

"(2) For aught that appears from said plea, the title to the cotton seed hulls was not to pass to the defendants until the bill of exchange was paid.

"(3) For aught that appears from the plea, the plaintiff had no notice that the hulls belonged to the defendant.

"(4) For aught that appears from the plea, the hulls were then in the possession of the Gadsden Brokerage Company, and were by them delivered to the plaintiff.

"(5) It is not averred that the plaintiff knew that the said cotton seed hulls belonged to the defendants.

"(6) It is not averred that the hulls were converted by the plaintiff before the defendants refused to pay the bill of exchange.

"(7) It is not averred that the hulls at the time they were alleged to have been converted by the plaintiff were the property of the defendants.

"(8) It does not appear from the said plea that at the time the plaintiff took charge of the hulls and refused to surrender the same to the defendants that the plaintiff knew that they were defendants' hulls, or were the hulls for which the bill of exchange was given.

"(9) For aught appearing therein, the defendants have never had any such title to the said cotton seed hulls as would permit the defendants to set up a conversion by the plaintiff of said cotton seed hulls as a defense to the cause of action sued on.

"(10) For aught appearing therein, the defendants never acquired the legal title to said cotton seed hulls which are alleged to have been converted by the plaintiff.

"(11) For that said plea sets up in the same plea more than one separate and distinct defense to the cause of action sued on.

"(12) For aught appearing therefrom, the plaintiff had a perfect right, so far as the de-

fendants were concerned, to take charge of said cotton seed hulls stored in said warehouse, and refuse to surrender the same to defendants.

"(13) For that said plea fails to aver or show the time when the alleged conversion took place."

Goodhue & Lusk, of Gadsden, for appellant.

There was no evidence of a conversion, and no evidence of the authority of Norton; hence the plaintiff should have had the affimative charge as to pleas 3 and 5. 38 Cyc. 2018; Rogers v. King, 151 Ala. 628, 44 So. 655; Jenkins v. Holly, 204 Ala. 519, 86 So. 390; Rolfe v. Huntsville L. Co., 8 Ala. App. 487, 62 So. 537; Cook v. Bell, 177 Ala. 618, 59 So. 273. The mere fact that the bank knew what the check was given for would not prevent a recovery on the check, even though the purchaser never secured title to the hulls. Rolfe v. Huntsville L. Co., supra; Cook v. Bell, supra. Mere payment of draft with bill of lading attached, in this case, did not vest title to the hulls in defendants. Authorities, supra.

Hood & Murphree, of Gadsden, for appellees.

There need not be a physical taking of the chattel to constitute a conversion. McGill v. Holman, 208 Ala. 9, 93 So. 848, 31 A. L. R. 941; The question of the agency of Norton was for the jury. Robinson v. Greene, 148 Ala. 434, 43 So. 797; Stovall v. Corey Highlands Co., 189 Ala. 576, 66 So. 577; Patterson v. Williams, 206 Ala. 527, 91 So. 315.

RICE, J. This is a suit by the plaintiff, the First National Bank of Gadsden, Ala., against the defendant A. C. Howard and others, based upon a check or bill of exchange executed by the defendants to the Gadsden Brokerage Company, and indorsed by this concern to the plaintiff, which the plaintiff claims was in due course of business, and for a valuable consideration.

In addition to pleading the general issue, the defendants pleaded some five special pleas. In pleas Nos. 1, 2, and 4, the defendants offer the defense of a failure of consideration of which plaintiff knew or helped to effectuate. These three pleas were not subject to the grounds of demurrer interposed.

[1] In pleas Nos. 3 and 5 the defendants make the further defense that the plaintiff converted to its own use, or deprived the defendants of, the carload of cotton seed hulls that they purchased from the Gadsden Brokerage Company, and for which the check that constitutes the basis of this suit was given, and offer to set off against the demands of the plaintiff the value of the cotton seed hulls, alleged to have been appropriated by the plaintiff and asked judgment for the excess. The grounds of demurrer interposed to these two pleas were without merit, and were properly overruled.

[2] Since the third and fifth pleas in this cause are the only ones which claim damages by way of set-off against the plaintiff, and since the verdict of the jury was in favor of the defendants for the sum of $51 over and against the plaintiff for the excess amount that was due the defendant by way of set-off or recoupment, the finding of the jury is necessarily in favor of the plaintiff on pleas Nos. 1, 2, and 4, and is only in favor of the defendants on the third and fifth pleas. If there was any error in the ruling of the trial court on pleas Nos. 1, 2, and 4, such error, therefore, would be without injury to the plaintiff, as the jury in effect at least found the issues in favor of the plaintiff on these three pleas. The issues in this cause can, therefore, be narrowed to the discussion of the propositions arising out of pleas 3 and 5.

There was sufficient evidence in this cause tending to show that the defendants purchased the carload of hulls from the Gadsden Brokerage Company in bulk, and that title to the same vested in the defendants, and also that the defendants executed and delivered their check to the Gadsden Brokerage Company in payment of the carload of cotton seed hulls, and the check was delivered and accepted with the understanding that the carload of cotton seed hulls was to be the property of the defendants.

[3, 4] The most serious assignments of error, and those that are most strongly insisted upon by the plaintiff's counsel, are the ones based upon the sufficiency and relevancy of the proof of the defendants' pleas 3 and 5 which are pleas of set-off or recoupment. The burden was on the defendants to establish the material averments of these two pleas. We do not think that the defendants have met the measure of proof required of them to do so. It was necessary for the defendants to show that the plaintiff had converted or appropriated the cotton seed hulls in question to its own use or so as to deprive the defendants of their right to possession of the same.

[5] While it is true the evidence shows that Mr. Norton "of the First National Bank" went to the mill or warehouse of the Gadsden Brokerage Company, and requested the superintendent, Mr. Pierce, of this concern not to deliver to anybody any other hulls and the evidence further shows that Gillem & Jordan hauled away all of the cotton seed hulls, excepting what had been delivered to the defendants, under some process of some court, however, the evidence in this case does not show that Mr. Norton, though an employee of the plaintiff, had any authority from the plaintiff to forbid the Gadsden Brokerage Company to make delivery of the cotton seed hulls to the defendants or any one else. The expression "of the First National Bank" is not sufficient in itself to show that Mr. Norton was acting for the bank. The expression is largely

one of identification of Mr. Norton. While it may be true that the plaintiff did get possession or assume control over the cotton seed hulls in question, yet we are unable to say, after careful reading of all the evidence, that it is disclosed by the testimony that the plaintiff ever took possession of or assumed dominion or control over the cotton seed hulls to the exclusion of the defendants, and thereby deprived the defendants of the possession or the right to possession of the cotton seed hulls.

[6, 7] To sustain a recovery for the conversion of property, it is necessary for the aggrieved party to either show the destruction of his property, or such interference therewith as to amount to a disregard or a defiance of the owner's rights in such property. It is true that a conversion need not extend to a physical taking of the property, but there must be at least some positive or tortious act that prevents the owner of the property from exercising dominion or control over the same. Mere words or declarations, while they might be admissible as evidence, will not in themselves alone amount to a conversion. It is necessary to show more. See Rogers v. King, 151 Ala. 628, 44 So. 655. Having the above principles of law in mind, we have come to the deliberate conclusion that there is a failure of proof of the defendants' pleas 3 and 5, and that no conversion is shown in this case. For aught that appears from the record in this cause, the plaintiff may have started an orderly, legal procedure to test the title to the cotton seed hulls. The court should have given the general charge in favor of the plaintiff as to pleas 3 and 5.

In reference to the assignments of error based on exceptions to certain portions of the oral charge of the court to the jury, it is true that some of these portions objected to are somewhat involved, and expressions used in them are somewhat inapt, yet, when all of these portions of the charge are taken together, and construed with the entire charge, we are of the opinion that the jury was properly instructed as to the issues raised by the pleadings in this case.

In view of the foregoing, it is not necessary to discuss the other assignments of error. For the error pointed out, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.