157 So. 673

### OLIVE v. FENNER & BEANE.

### 8 Div. 594.

Supreme Court of Alabama.

Oct. 11, 1934.

Application for Rehearing Withdrawn Dec. 10, 1934.

A. A. Williams and C. P. Almon, both of Florence, for appellant.

W. H. Mitchell, of Florence, and Benners, Burr, McKamy & Forman, of Birmingham, for appellees.

BOULDIN, Justice.

Action by Fenner & Beane against J. C. Olive for losses incurred by plaintiff firm on account of defendant upon a purchase of cotton for future delivery on the New Orleans Cotton Exchange.

The cause was here on former appeal. Fenner & Beane v. Olive, 226 Ala. 359, 147 So. 147.

The issues presented on that appeal related chiefly to certain pleas of illegality alleging the demand grew out of a wagering transaction. For reasons clearly stated in the decision, the plaintiff was held due the affirmative charge.

Plea No. 7, then before the court, styled a plea in recoupment, sought to recoup an amount equal to the sum sued for because of alleged instructions of defendant to Perry, the manager of the local office, to whom the order was given, to close out the contract at a time when no margins were due, etc. We held demurrers to the plea were properly sustained. See 226 Ala. 359, 361, 147 So. 147, 148.

On the last trial, now for review, defendant filed certain amended pleas seeking to set up the same defense. Typical of these pleas is No. 11, which appears in the report of the case.

Demurrers were sustained to these pleas. This ruling is the first question presented by assignments of error and brief for appellant.

Plea No. 11 meets some of the defects of plea No. 7 pointed out in our former decision. But it still fails, as then noted, to set forth the contract, at least in substance and effect, but merely states the pleader's construction of same, saying: " * * * by the terms of said contract he had a right at said time to close out said contract." Even treating this as a statement of its substance, it does not show that under the contract defendant had the right to give orders to close it out at such time as the margin should give out and before further loss was incurred. We are not dealing with the general law on the subject, but with a plea relying on a special contract, which does not conform to good pleading by setting it up in haec verba or according to its substance and effect.

The suit was on the common counts. The plea on last trial was the general issue.

The question of a wagering contract, the issue on former appeal, was not involved.

The court gave, at plaintiff's request in writing, the following charge: " 'Gentlemen of the jury you will find your verdict for the plaintiff and assess the damage at $1095.80 with interest from February 4, 1930.' "

The point is made that this instruction was error, because invasive of the province of the jury; that, in any event, the instruction should have been with hypothesis, "if you believe the evidence."

It is further insisted the affirmative charge, with hypothesis, would have been error.

The general issue cast on plaintiff the burden to make out a case under the common counts. To do this, in a transaction of this sort, it was necessary to show the contractual relation between broker and client out of which a duty to indemnify the broker for losses arose, the incurring of a loss, the amount thereof, and that it arose from the execution or closing out of the contract in a lawful manner, so that nothing remains but the obligation to pay money due plaintiff. Any breach of obligation on the part of the broker, which would prevent the accrual of such obligation of the client to pay, was admissible under the general issue.

Plea 11, framed as a plea of recoupment, was in fact an effort to present by special plea, matters available, if at all, under the general issue.

This court has consistently and persistently adhered to the rule that where one who carries the burden of proof meets it in whole or in essential part by parol testimony of witnesses offered by him, though clear and uncontradicted, the affirmative charge must be with hypothesis. Otherwise, the court invades the province of the jury, who, in the first instance, are the judges of the credibility of the witnesses. Shipp v. Shelton, 193 Ala. 658, 660, 69 So. 102, and long line of decisions there cited; Brown v. Mobile Electric Co., 207 Ala. 61, 91 So. 802; Harris v. State ex rel. Wilson, Solicitor, 215 Ala. 56, 109 So. 291; Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 406, 100 So. 812, and cases there cited.

Such is this case. Since the judgment must be reversed for the error indicated, and the cause be remanded for another trial, we deem it inadvisable to review the evidence as presented in the present record, and decide whether plaintiff would have been due

the affirmative charge, with hypothesis, if requested.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and KNIGHT, JJ., concur.

The judgment of the circuit court is affirmed.

Affirmed.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.