195 So. 562

**HORTON v. J. V. WALDROP MOTOR CO.**

8 Div. 964.

Court of Appeals of Alabama.
April 9, 1940.

Scruggs & Creel, of Guntersville, for appellant.

Brown & Conway, of Albertville, for appellee.

RICE, Judge.

Rule of Practice 10 of the Supreme Court (Code 1928 p. 1930) provides, among other things, the following: "Appellant's brief shall contain a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages of the transcript. If the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. *The statement will be taken to be accurate and sufficient for decision, unless the opposite party in his brief shall make the necessary corrections or additions.*" (Italics supplied by us). This rule governs and controls us. Code 1923, Sec. 7318.

And we have here a case for its application.

The appeal is from a judgment in favor of appellee in a suit brought by him against appellant seeking damages for the conversion of a certain motor truck. The case was tried before the court sitting without a jury; and "the insufficiency of the evidence to sustain the * * * finding, in fact or law" is essentially the only error assigned.

Appellant's brief thus contains what his counsel conceives to be a "condensed recital of the evidence in narrative form so as to present the substance clearly and concisely." Same is unquestioned by appellee—who furnishes us no brief at all.

But first we quote it, to-wit: "On December 16, 1935, Plaintiff under the name of J. V. Waldrop Motor Company took a mortgage on an automobile described as follows: 'One 1934 Chevrolet truck, Motor

No. 3968573 bought this day from J. V. Waldrop Motor Company.' This mortgage was executed by one, S. A. Fricks and was recorded in the Probate Office of Marshall County. Fricks later sold to the Appellant an automobile which was a Chevrolet car, Motor No. 'T 4007555.' After Horton Motor Company had purchased the automobile, Ralph Smith an Agent of J. V. Waldrop Motor Company appeared and demanded the automobile. Appellant told him to go out and examine the car; that if it was his car, to take it. Appellant later talked to Mr. Waldrop, and told him that if he had a mortgage on the car, he could get it. He never did take it up. Appellant and two other witnesses testified that the Bookkeeper of J. V. Waldrop Motor Company was called, and asked if they held a mortgage on the car owned by Mr. Fricks, and that he stated they did not; that this call was before Appellant swapped for the car. This testimony is in conflict with the testimony of the Bookkeeper, who denied it. The record is undisputed that the motor number of the car obtained by Appellant was No. 'T4007555,' and that the car described in the mortgage was motor number '3968573.' Appellee later filed suit for recovery of the car described in the mortgage as Motor No. '3968573,' and added Count 2 for a conversion of the truck as Motor No. '3968573.' The case was tried before the Judge of the Circuit Court without a jury. He rendered judgment for Appellee for $75.00 on Count 2 (the conversion count) of the Complaint, from which Appellant appealed."

■ Taking, as we must, the above quoted "statement" as being "accurate and sufficient for decision" it is obvious, we believe, that judgment should not have gone in favor of appellee. See 14 C.J.S. Chattel Mortgages, § 57, page 666, where it is said: "Since the motor and serial numbers are the distinctive marks by which cars of the same make are identified one from the other, an erroneous designation of the motor or serial number is generally held to render the mortgage insufficient *as against third persons*." (Italics supplied by us); and see Valley Securities Co., Inc., v. De Roussel, 16 La.App. 115, 133 So. 405; Wise v. Kennedy, 248 Mass. 83, 142 N.E. 755; First Nat. Bank of Brookfield v. Gardner et al., 222 Mo.App. 858, 5 S.W.2d 1115; Alberts v. Alberts et al., 53 S.D. 463, 221 N.W. 80; First Mortgage Loan Co. v. Durfee, 193 Iowa 1142, 188 N.W. 777; Stewart v. Clemens, 220 Ala. 224, 124 So. 863, 66 A.L.R. 1454; First Nat. Bank of Gadsden v. Howard et al., 21 Ala.App. 363, 108 So. 402; and Butler v. Jones, 80 Ala. 436, 2 So. 300.

■ The judgment appealed from is reversed; and, exercising what seems to be a discretion vested in us by the terms of Code 1928, Secs. 9498 and 9502, we order that the cause be remanded to the circuit court for further proceedings not inconsistent with this opinion.

Reversed and remanded.