82 So.2d 795

**Ellen Lynn HICKMAN et al. d/b/a Molton Hotel**

**v.**

**Ruth HANNAS.**

**6 Div. 636.**

Supreme Court of Alabama.

Oct. 13, 1955.

Lange, Simpson, Robinson & Somerville and Wm. H. Cole, Birmingham, for appellants.

Hugh A. Locke, Hugh A. Locke, Jr., and Ryburn H. Bailey, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This is an action by Ruth Hannas to recover damages of the defendants, who were doing business as the Molton Hotel in Birmingham, for the alleged conversion of certain chattels. The complaint was originally filed in three counts, to which the defendants demurred. The demurrer was overruled and the case went to trial on the defendants' plea of the general issue in short by consent. During the course of the trial, the plaintiff amended the complaint to strike counts one and three, leaving only count two, which alleged a conversion by defendants of certain musical materials, including original manuscripts of well-known composers, notes gathered in preparation for writing several books on musical subjects, and personal clothing. The trial by jury resulted in a verdict and judgment in favor of the plaintiff, whereupon defendants filed a motion for new trial which was overruled. Defendants then perfected this appeal.

One or more grounds of defendants' demurrer to the complaint took the point that the complaint failed to allege that the property alleged to have been converted was the property of the plaintiff. Count two upon which the case was tried does not show ownership in the plaintiff at the time the property was alleged to have been converted. It was, therefore, error to overrule the demurrer to this count. Weil v. Ponder, 127 Ala. 296, 28 So. 656; Abercrombie v. Pell, 235 Ala. 396, 179 So. 371.

Appellee earnestly insists that under Supreme Court Rule 45 this is not reversible error since ownership in the plaintiff was proven by the evidence without conflict, and the jury was instructed that it would have to find that the property belonged to plaintiff in order to allow plaintiff to recover.

In Jackson v. Vaughn, 204 Ala. 543, 86 So. 469, 471, this court considered the application of the principle of error without injury under Rule 45, and said:

"* * * Under the mandate of this rule the fate of any judgment in a civil case that is tainted with error in the pleadings or procedure leading thereto is dependent upon what is disclosed by the entire record in that particular case. That is to say, each case stands upon its facts, and, of necessity, no iron-clad principle can be announced of the construction to be placed on this rule. However, we may say that under it our court has declared generally that if a complaint (not so fatally defective that a judgment based thereon would be arrested on motion) or a plea in a civil cause be defective for the reason that a necessary allegation is omitted, and a demurrer pointing out this defect has been improperly overruled, the judgment following will not be reversed on this account if the entire record discloses that the trial court by an appropriate charge instructed the

jury specifically as to the necessity of proving the omitted allegation, and the record further shows that this omitted allegation was proved and considered. Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann.Cas. 1917D, 929; Vance v. Morgan, 198 Ala. 149, 73 So. 406; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74, 78; Southern R. Co. v. Harris, 202 Ala. 263, 80 So. 101, 104; Birmingham Southern R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339, 341; Ex parte Minor, 203 Ala. 481, 83 So. 475 [10 A.L.R. 687]."

See, also, Southern R. Co. v. Dickson, 211 Ala. 481(4), 100 So. 665.

█ It will be noted that the court made the qualification that the count be not so fatally defective that a judgment based thereon would be arrested on motion. When a complaint is insufficient to state a cause of action, the judgment may be vacated on motion at any later time on the application of a party affected. Chandler v. Price, 244 Ala. 667, 15 So.2d 462, and cases cited therein.

We find no case holding that the erroneous overruling of a demurrer to a complaint is error without injury where the complaint is so defective as not to state a cause of action. In each of the cases cited by appellee in support of his contention, the complaint, although defective in some way, states a cause of action.

Although Crouch v. De Luxe Cab Co., 261 Ala. 239, 73 So.2d 743, 746, involves a defective plea of contributory negligence and a demurrer thereto, the same principles of appellate practice are involved as in the case at bar. In that case, Mr. Justice Stakely said:

"But it is very earnestly insisted that the omitted allegation of duty was nevertheless made an issue on the trial and the court clearly and explicitly so instructed the jury. In other words the point is taken that under Rule 45 we should consider the omitted allegation in Plea 2 to be error without in-

jury. We cannot sustain this position. In the case of Atlantic Coast Line R. Co. v. Jackson, 225 Ala. 652, 144 So. 813, 814, it was held that a defect in the complaint should not necessarily cause a reversal. It was said:

" 'When a count states a cause of action, though there may be some defect which is pointed out by demurrer, if the action is tried upon the theory that such averment is made, and the jury is required to find in accordance with the correct rule in that respect, the error is held to be without prejudice.'

"To the same effect we refer to Southern R. Co. v. Dickson, 211 Ala. 481, 100 So. 665; Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann.Cas.1917D, 929.

"The failure to allege in Plea 2 however the duty owing by the plaintiff to the defendant is not a mere defect in the plea. On the contrary, the failure to allege such duty constitutes the omission of a vital and essential allegation in the plea, which deprives the plea of all defensive effect. It will be noticed that in the foregoing authorities, where it is held that a defect in the complaint is corrected, the complaint must still state a cause of action. In pleading defensively, while a defect may be cured under Rule 45, the rule cannot be expanded to alleviate error if a plea is fundamentally bad."

In Ex parte First National Bank of Montgomery, 206 Ala. 394, 90 So. 340, 342, the action was against the bank for failure to pay money deposited to plaintiff's account. The complaint failed to allege that a demand had been made upon the bank for payment and defendant's demurrer to the complaint on that ground was overruled. In answer to appellee's argument that overruling the demurrer was error without injury, the court said:

" * * * In none of the decisions of this court considering the application of the doctrine of error without injury to erroneous rulings on demur-

rer to pleading has it been held that either through instruction of the jury or through the effect of undisputed proof of the erroneously omitted allegation from the pleading effectively assailed by the demurrer was the error cured or rendered harmless when, .as here, the omitted averment was of a matter that went to afford the condition precedent to the creation of a cause of action in the plaintiff. The obviously correct statement was made in Jackson v. Vaughn, 204 Ala. 543, 86 So. [469] 471, that in administering rule 45 (61 South. ix) each case must be determined upon its own record. The doctrine will not be extended to such cases as this where the very existence of a right or cause of action depends upon the omitted allegation of a demand. To do so would involve too serious a qualification or denial, in effect, of fundamental principles of pleading, and a very doubtful departure from the safer course in the adjudication of the rights of parties. To permit so essential a condition precedent to the existence of an action to be afforded alone by evidence might involve constitutional inquiries of a grave character. Neither in phrase nor design does rule 45 apply to such circumstances."

■ To be entitled to a right of recovery for conversion, plaintiff must have general or special title to the property in question, and the possession or immediate right of possession; and . the party complained against must have wrongfully exerted some act of dominion over such property inconsistent with and destructive of the title of the party plaintiff. Holman v. Ketcham, 153 Ala. 360, 45 So. 206; Tallassee Falls Mfg. Co. v. First National Bank, 159 Ala. 315, 49 So. 246; First National Bank of Gadsden v. Morgan, 213 Ala. 125, 104 So. 403; Albertville Trading Co. v. Critcher, 216 Ala. 252, 112 So. 907; American Standard Life Ins. Co. v. Johnson, 231 Ala. 94, 163 So. 632; Hamilton v. Hamilton, 255 Ala. 284, 51 So.2d 13.

Title in the plaintiff is an essential element of an action for conversion and a complaint which fails to allege such title does not state a cause of action. Abercrombie v. Pell, supra; Southern R. Co. v. City of Attalla, 147 Ala. 653, 41 So. 664; Raymond v. Blancgrass, 36 Mont. 449, 93 P. 648, 15 L.R.A.,N.S., 976; Hunt v. First National Bank of Halfway, 102 Or. 398, 202 P. 564; 65 C.J., p. 56, Sec. 92; 89 C.J.S., Trover & Conversion, § 95, pp. 588–589.

■ From the foregoing authorities, we must conclude that the count upon which the judgment in this case is based is fatally defective, in that it does not state a substantial cause of action and the doctrine of error without injury cannot be applied to cure the trial court's error in overruling defendants' demurrer. The judgment must, therefore, be reversed and the cause remanded.

Reversed and remanded.

All the Justices concur except MAYFIELD, J., who dissents.