91 So.2d 514

**Roy CAMERON**

v.

**R. G. McNELLEY, d/b/a McNelley Motors.**

**8 Div. 750.**

Court of Appeals of Alabama.

Dec. 18, 1956.

Russell W. Lynne, Decatur, for appellant.

Eyster & Eyster, Decatur, for appellee.

PRICE, Judge.

The appellee brought suit against the appellant for the sum of $204.57. The complaint contained two common counts (1) account (2) work and labor done.

In addition to the general issue, defendant interposed a special plea of recoupment. Said special plea asserted as a defense that the plaintiff was indebted to defendant in the sum of $642 for the conversion by him of 1 auxiliary transmission; 1 set saddle fuel tanks; 1 fifth wheel.

The court gave, at plaintiff's request, the general affirmative charge with hypothesis as to the plea of recoupment. He also gave for the plaintiff the general affirmative charge without hypothesis under the plea of the general issue.

Plaintiff was engaged in the general automobile business at Decatur. During the latter part of 1952, he sold and delivered to defendant a Dodge truck and trailer. As part payment for the purchase price, the defendant gave in trade a 1951 used truck leaving a balance due on the Dodge truck of $3,518.-88, including finance charges, insurance, etc., which the defendant promised to pay in 24 successive monthly installments, each in the amount of $146.62, beginning on January 5, 1953.

636

The parties made and executed a conditional sale contract for the truck which provided that: "Title to the car is retained by the holder hereof (meaning seller, or universal C. I. T. Credit Corporation (hereinafter called 'Universal C. I. T.') if this contract is assigned to it), until such balance is fully paid in money." The contract was duly assigned to the C. I. T. Corporation.

The contract provides further that "If customer defaults on any obligation under this contract, or if the holder shall consider the indebtedness or the car insecure, the full balance shall without notice become due forthwith."

The C. I. T. Corporation received from defendant from January 6, 1953, through September 30, 1953, nine payments of $146.-62 each, totalling $1,319.58.

During the latter part of October the cab of the truck was damaged by fire. Defendant testified he called McNelley Motors and the truck was pulled to its place of business; that defendant and the insurance adjustor never reached an agreement as to the amount of insurance; that he never asked McNelley for the truck back, and after the fire he made no more payments on the truck.

Thereafter on December 19, 1953, the insurance company paid to the C. I. T. Corporation the sum of $983.43 for the fire loss. McNelley testified that he took up payments from the finance company, that there was an insurance rebate of $290.29, that he paid to the C. I. T. Corporation $500 cash and the C. I. T. Corporation charged to his reserve fund $197.82, making a total of $692.82 from McNelley Motors; that he sold the truck with the auxiliary transmission for $385, but the fifth wheel and saddle tanks were otherwise disposed of.

The testimony for defendant was to the effect that the fifth wheel, saddle tanks and auxiliary transmission were on the old truck traded by him to McNelley Motors and belonged to him and were to be placed on the Dodge truck free of charge and were no part of the sale from plaintiff to him.

The plaintiff introduced in evidence a bill of sale or "car invoice" evidencing the sale of the Dodge truck to defendant. Under the heading "optional equipment and accessories" is listed, among others, "Fifth Wheel, Saddle Tanks, Aux. Transmission."

A further provision in the conditional sale contract is as follows: "That all equipment, tires, accessories and parts shall become part of the car by accession."

■ The burden was on the defendant to establish the material averments of the special plea of recoupment. First Nat. Bank of Gadsden v. Howard, 21 Ala.App. 363, 108 So. 402.

■ To be entitled to the right of recovery for conversion the defendant must have had general or special title to the property, and possession or immediate right of possession; and plaintiff must have wrongfully executed some act of dominion over the property inconsistent with and destructive of defendant's title. Hamilton v. Hamilton, 255 Ala. 284, 51 So.2d 13; Hickman v. Hannas, 263 Ala. 399, 82 So.2d 795; Rhodes-Carroll Furniture Co. v. Webb, 230 Ala. 251, 160 So. 247.

By the terms of the retention of title contract the accessories attached to the truck became a part of it and after default and repossession of the truck defendant had neither title nor immediate right of possession. We cannot accord merit to defendant's insistence, that there was no default in any payment under the contract at the time of the appropriation by plaintiff of the articles set out in the plea, since the payment of the insurance money amounted to more than six additional monthly payments on the contract. Defendant testified that after the truck burned he made no more payments on the truck, and under the provision of the contract above set out, upon default by defendant of any payment the entire balance became due.

■ We conclude that the court properly gave the general affirmative charge for the plaintiff as to the special plea.

■ Under the plea of the general issue the burden was on the plaintiff to make out a case under the common counts. Olive v. Fenner & Beane, 229 Ala. 464, 157 So. 673; McCombs v. Clark, 35 Ala.App. 391, 47 So.2d 220. To do this, the plaintiff had the burden of "proving to the reasonable satisfaction of the jury either that the amount of the account was agreed upon or that the work was done in a good and workmanlike manner, that the charges therefor were reasonable and that the same were due and unpaid. Pollak v. Winter, 166 Ala. 255, 51 So. 998, 52 So. 829, 53 So. 339, 139 Am. St.Rep. 33; Rice v. Schloss, 90 Ala. 416, 7 So. 802; Cook v. Malone, 128 Ala. 662, 29 So. 653." Jones v. Mullin, 251 Ala. 501, 38 So.2d 281, 284.

To carry the burden imposed upon him the evidence for plaintiff tended to show that plaintiff, on three separate occasions in May and July 1953, performed certain described work for defendant on the Dodge truck, the amount of said work totalling, after allowing a credit of $25.76 for repairs defendant had made in Florida while the truck was still in warranty, was $204.57 and that defendant agreed he owed that amount and indicated he would pay it if given time, which plaintiff agreed to do; that the amount charged was a reasonable and customary charge for the work done; that the charges were due and unpaid, and up until the filing of the suit had never been denied or disputed by defendant.

■ "This court has consistently and persistently adhered to the rule that where one who carries the burden of proof meets it in whole or in essential part by parol testimony of witnesses offered by him, though clear and uncontradicted, the affirmative charge must be with hypothesis. Otherwise, the court invades the province of the jury, who, in the first instance, are the judges of the credibility of the witnesses." Olive v. Fenner & Beane, supra [229 Ala. 464, 157 So. 674], citing numerous cases.

■ However, this general rule is not applicable "If the defendant in a civil action by his testimony on the trial admits facts showing that he is clearly liable to the plaintiff and there is no dispute in the testimony as to the existence of such facts." *The general affirmative charge with hypothesis in Alabama,* by Judge J. Russell McElroy, 1 Ala.Law Review, citing Goff v. Sellers, 215 Ala. 489, 111 So. 210; Chichester v. First National Bank of Birmingham, 242 Ala. 227, 5 So.2d 772; Cowen v. Eartherly Hardware Co., 95 Ala. 324, 11 So. 195.

■ While testifying as a witness in his own behalf the defendant was asked on cross examination: "Q. Now, in May of 1952, there was $64.15 worth of work done on that truck, was that ever paid by you?" The defendant stated: "A. Two different times. I would have to bring it out to tell that. One time I paid $35.00 on that and the other time Mr. McNelley was supposed to have collected that Ocala breakdown and applied that to it. That was a $47.00 account I had to have before the ninety days were up on the truck at four thousand miles. I had a $47.00 breakdown in Florida and he was supposed to collect from the Chrysler Corporation and he said he did." He further stated the mileage on the work order shown him was 25,000; that he authorized the work and said he would pay for it. He was shown a work order of May 23 of $23.71 and said he authorized the work. He was also shown a statement for $71.70 and said that was the one Mr. McNelley was supposed to take care of or get from the Chrysler Company; that he had the truck pulled from Birmingham and told Mr. McNelley he was going to let the truck go back or he could fix it; that he wouldn't say Mr. McNelley agreed to pay that himself but that he said "I will see what I can do about it;" that sometime later he got the bill and to the question, "Did you ever dispute the bill?" he answered: "I didn't owe it." He stated he never notified Mr. McNelley he didn't owe it; that he never received any statement or demand for the amount until he received demand for the $204; that he never called Mr. McNelley to say he didn't owe it and never denied owing it, but he did not recall that Mr. McNelley

discussed this amount and they came to an agreement that the amount owing was $204.-57. When reminded that plaintiff had testified that credit of $25.76 was allowed for work done in Florida, defendant stated the work he had done in Florida was $47 or $48. Thereupon defendant was asked: "Q. All this work we are talking about was more than ninety days after you bought the truck?" And he replied: "Yes, it was several months later three or four months," and that it was several thousand miles later on the speedometer.

We have set out defendant's testimony in detail to illustrate our view that there was no real controversy or dispute as to the basic facts, and that in effect the defendant's testimony was an admission of his debt to plaintiff. We think the trial court did not err in giving the affirmative charge for plaintiff without hypothesis.

Affirmed.